

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No.: 12 CV 6909

ANDREW TARGUM, an individual;
ERIKA TARGUM, an individual;
ANDREW S. TARGUM, P.C., a New York corporation;
ANDREW SCOTT TARGUM, P.C., a New York corporation;
TARGUM, BRITTON & TOLUD, LLP, a New York limited liability partnership;
and IRWIN SEEMAN, an individual,

Plaintiffs,

v.

CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership;
MATTHEW G. WEBER, an individual;
LORRAINE WEBER, an individual;
JOEL COOPERMAN, an individual;
and ELDA SOLLA, an individual,

Defendants.

SEP 1 2 2012
CASHIERS

**COMPLAINT FOR DAMAGES**

Plaintiffs, **Andrew Targum**, an individual; **Erika Targum**, an individual; **Andrew S. Targum, P.C.**, a New York corporation; **Andrew Scott Targum, P.C.**, a New York corporation; and **Targum, Britton & Tolud, LLP**, a New York limited liability partnership; and **Irwin Seeman**, an individual (collectively referred to herein as "Plaintiffs" or "The Clients"), pursuant to the federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq.*) (the "RICO Act" or "RICO"), The Computer Fraud and Abuse Act (18 U.S.C. § 1030) (the "CFA Act"), and New York common law; hereby sue Defendants, **Citrin Cooperman & Company, LLP**, a New York limited liability partnership; **Matthew G. Weber**, an individual; **Lorraine Weber**, an individual; **Joel Cooperman**, an individual; and **Elda Solla**, an individual (collectively, the "Defendants"). As grounds therefor, Plaintiffs allege the following:

## PRELIMINARY STATEMENT

1. This litigation arises from the accountant-client relationship that existed between The Clients, on the one hand; and Citrin Cooperman & Company, LLP ("CITRIN") and Matthew G. Weber ("WEBER"), on the other; and CITRIN and WEBER's shameful, contumacious, and harmful abuse of that relationship. Despite all standards of professionalism and legality, CITRIN and WEBER – with the assistance, support, and complicity of the other defendants named in this action – purposefully lied to The Clients; put The Clients in grave economic, as well as legal, danger; and disregarded The Clients' interests in favor of their own interests.

2. While The Clients thought they were dealing with reputable and honorable professionals working at a highly-respected accounting firm, The Clients were actually the unknowing victims of a long-running fraudulent and criminal scheme perpetrated by a vicious firm, a backstabbing friend, and a collection of players and law firm who knew their role in the scheme and played it well, even when a cover-up was necessary.

3. Unbeknownst to The Clients, CITRIN and WEBER, in preparing The Clients' tax filings, were grossly under-reporting The Clients' taxable income -- sometimes by as much as 90% -- and providing The Clients false documentation to mislead and outright defraud them. At times, CITRIN and WEBER even failed to file any tax returns at all for The Clients while assuring The Clients that the returns had been filed and that The Clients' interests were protected. In addition, CITRIN and WEBER took funds provided to them by The Clients earmarked for paying The Clients' tax liabilities and converted those funds for personal use.

4. As a result of CITRIN and WEBER's fraud, The Clients are now facing in excess of $2,000,000 in fees and penalties being assessed by the Internal Revenue Service, the New

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

York State Department of Taxation and Finance, the New York State Workers' Compensation Board, and the New York City Department of Finance, as well as incurring mounting legal fees as they deal with the turmoil this has caused them – all because The Clients put their faith, trust, and belief in what CITRIN and WEBER represented to them, which has turned out to be as misguided a decision as they could have made.

## PARTIES, JURISDICTION AND VENUE

### THE PARTIES

5. Plaintiff, Andrew Targum, is an individual residing in New York, NY; is *sui juris*, and at all times material hereto was a principal of Andrew S. Targum, P.C., a New York corporation; Andrew Scott Targum, P.C., a New York corporation; and Targum, Britton & Tolud, LLP, a New York limited liability partnership.

6. Plaintiff, Erika Targum, is an individual residing in New York, NY; is *sui juris*, and at all times material hereto was the wife of Andrew Targum.

7. Plaintiff Andrew S. Targum, P.C. is a New York corporation with its principal place of business in New York, NY.

8. Plaintiff Andrew Scott Targum, P.C. is a New York corporation with its principal place of business in New York, NY.

9. Plaintiff Targum, Britton & Tolud, LLP is a New York limited liability partnership with its principal place of business in New York, NY.

10. Andrew Targum, Erika Targum, Andrew S. Targum, P.C., Andrew Scott Targum, P.C., and Targum, Britton & Tolud, LLP are hereinafter collectively referred to as "TARGUM."

11. Plaintiff, Irwin Seeman, is an individual residing in Wheatley Heights, New York; is *sui juris*, and is a non-attorney former employee of Andrew Targum's law firm.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

12. Defendant, Citrin Cooperman & Company, LLP ("CITRIN"), is a New York limited liability partnership with its principal place of business at 529 Fifth Avenue, New York, NY 10017.

13. Defendant, Matthew G. Weber ("WEBER"), is an individual residing in Oceanside, New York; and is *sui juris*. At all times material hereto, WEBER was a practicing certified public accountant and was a Partner at CITRIN.

14. Defendant, Lorraine Weber, is an individual residing in Oceanside, New York; is *sui juris*, and at all times material hereto was the wife of Matthew G. Weber.

15. Defendant, Joel Cooperman ("COOPERMAN"), is an individual residing in Wyckoff, New Jersey; and is *sui juris*. At all times material hereto, COOPERMAN was a practicing certified public accountant and was the founding and Managing Partner at CITRIN.

16. Defendant, Elda Solla ("SOLLA"), is an individual residing in The Bronx, New York; is *sui juris*, and at all times material hereto was an employee at CITRIN and worked as an assistant to Matthew G. Weber.

17. In addition to those persons and entities set forth as Defendants herein, there are likely other parties who may well be liable to The Clients but respecting whom The Clients currently lack specific facts to permit them to name such person or persons as a party defendant. By not naming such persons or entities at this time, The Clients are not waiving their right to amend this pleading to add such parties, should the facts warrant adding such parties.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treatises of the United States. This Court has supplemental jurisdiction over the New York common law claims pursuant to 28 U.S.C. § 1337.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this district.

## GENERAL FACTUAL ALLEGATIONS

### WEBER'S PROFESSIONAL CREDENTIALS

20. WEBER is, and at all times material hereto has been, a certified public accountant.

21. On or about August 1, 2004, WEBER was admitted as a practicing accountant, and a Partner, at CITRIN.

22. At all times material hereto, WEBER was a practicing accountant and a Partner at CITRIN.

### CITRIN'S PROFESSIONAL PROFILE

23. According to its own marketing materials, CITRIN is an independent accounting, tax, and consulting firm with offices in New York, New Jersey, Connecticut, Pennsylvania, and the Cayman Islands. With nearly 300 professionals and over 450 total employees on its employee roster; and having grown its annual revenue from $18,000,000 to approximately $115,000,000 over the past twelve years, CITRIN ranks amongst the top 10 largest accounting firms in New York City. As this case demonstrates, that rampant and apparently unchecked growth came at a cost – a lack of proper institutional control which allowed this fraudulent scheme to go unchecked for years despite obvious red flags waving in front of CITRIN's management relating to the conduct of both CITRIN's Partners and staff.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

24. CITRIN offers its professional services in three core areas: (1) Attest and Assurance, (2) Tax Compliance and Research Services, and (3) Consulting and Specialty Services.

25. CITRIN touts itself as a firm that operates under a "*team-based approach*" whose "*vision is to enhance the business value and personal lives of our clients, through our expert advice and passion in everything we do.*" Additionally, as stated on the CITRIN web site, a major tenet of its professional philosophy is to "*work hard to be trusted partners and understand that lasting success comes by working together.*"

26. Moreover, CITRIN places a great value on its professional reputation and protecting that reputation -- seeking at all times to avoid any potential embarrassment that might come to CITRIN as a result of its representatives' actions. As this fraud has been publicly exposed, CITRIN, as well as its outside law firm, has exposed CITRIN for what it really is – ruthless, vicious, and apparently ignorant of what its Partners do under the CITRIN name year after year.

27. As demonstrated below, The Clients put their trust in CITRIN and its team of professionals, but The Clients' lives have been catastrophically harmed as a result of the fraud perpetrated upon them.

**THE PROFESSIONAL RELATIONSHIP BETWEEN THE PARTIES**

28. Commencing in at least 2003, WEBER prepared and filed The Clients' city, state, and federal income taxes.

29. In early 2005, several months after WEBER had joined CITRIN as a Partner, WEBER retained TARGUM'S law firm, Targum, Britton & Tolud, LLP's ("TBTLLP"), to represent WEBER in a civil lawsuit styled Cederbaum v. Financial Appraisal Services, Ltd. and

Matthew Weber, Nassau County [NY] Supreme Court - Index No. 04758/2005, in which WEBER was sued for accounting malpractice.

30.     WEBER's installment as a Partner at CITRIN was a confirmation of WEBER's professional skills and served as a comfort to TARGUM in representing him in the lawsuit.

31.     WEBER expressed to TARGUM that having TBTLLP represent WEBER would benefit not only his personal interests but also CITRIN's interests as well, as CITRIN would thus not have to incur any financial expense defending the professional actions of one of its Partners and the defending the reputation of the firm.

32.     Rather than pay TARGUM attorneys' fees for the professional services TARGUM's firm was rendering to WEBER in the Cederbaum matter, WEBER proposed that they trade their firms' professional services with one another: WEBER, as a Partner at CITRIN, would provide The Clients CITRIN's professional accounting services in exchange for TBTLLP's legal services -- all without them charging one another for the work being done.

33.     Though no fees were specifically paid by TARGUM for the professional services they were receiving, WEBER stated that no such payments were necessary; as both TARGUM and WEBER/CITRIN were receiving fair compensation from one another in the form of the mutual exchange of their services.

34.     In addition, SEEMAN was regularly billed by CITRIN for the professional services he received.

35.     WEBER and The Clients never entered into a formal written retainer agreement. Instead, as Partners of their respective firms, TARGUM and WEBER entered into an oral contract for the exchange of services and all parties provided professional services to the other consistent with that understanding.

36. TBTLLP represented WEBER; and CITRIN represented The Clients. WEBER's authority as a representative Partner at CITRIN to offer, and subsequently provide, CITRIN's services was never questioned, as WEBER openly and freely utilized every aspect of CITRIN's resources.

37. WEBER expressly and implicitly represented to The Clients that he was conflict free and engaged in protecting The Clients' tax and corporate interests.

38. Moreover, WEBER's position as a Partner at CITRIN served as a justification why The Clients agreed to let WEBER represent their tax interests and, over time, expand his role as their representative, to the extent circumstances required it.

39. CITRIN and WEBER represented and advised The Clients in connection with at least the following complex business matters: (a) state tax filings, (b) federal tax filings, (c) corporate formations, and (d) local business/tax filings.

40. The Clients were engaged in a general accountant-client relationship with WEBER, in his capacity as a Partner at CITRIN, and they confirmed that representation orally and in writing on numerous occasions throughout its tenure. The Clients and WEBER maintained a continuous and wide-ranging accountant-client relationship in connection with their tax and corporate activities at all times material hereto. During that time, The Clients relied upon WEBER's advice and trustworthiness and the reputation and integrity of CITRIN as his employer.

41. At all times during WEBER's representation of The Clients, WEBER acted with the apparent authority of CITRIN. In communications with The Clients, WEBER expressly confirmed that he would represent The Clients in his capacity as a Partner of CITRIN and implicitly confirmed the same by communicating with The Clients from and at his CITRIN

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

office, using CITRIN's electronic mail server, CITRIN's letterhead, and CITRIN's telephone systems.

42. WEBER/CITRIN utilized CITRIN software and employees to provide The Clients with a full array of accounting services. The Clients routinely dealt with CITRIN staff members other than WEBER, including Vera Fici and SOLLA, regarding The Clients' tax and corporate matters. *See*, *e.g.*, **Composite Exhibit "A"** attached hereto.

43. Over the years, The Clients and WEBER had meetings at CITRIN's Manhattan office, and WEBER introduced The Clients to other CITRIN Partners, identifying The Clients as clients of the firm.

44. WEBER and CITRIN regularly, if not solely, communicated with The Clients using CITRIN letterhead, CITRIN's e-mail account, CITRIN's telephone systems, facsimile lines, and instructed The Clients to wire funds to CITRIN bank accounts. *See*, *e.g.*, **Composite Exhibit "B"** attached hereto.

45. From The Clients' perspective, they had a typical relationship with their accountants. Everything appeared to be within the normal course of business, and The Clients had no idea at that time that WEBER and CITRIN were, and had been, altering and submitting under-reported tax returns for The Clients, failing to file necessary tax returns for The Clients and/or converting their funds.

THE WIRE TRANSFERS TO CITRIN BANK ACCOUNTS

46. As mentioned above, numerous wire transfers were made at WEBER's request to CITRIN bank accounts bearing CITRIN's name and address.

47. On April 5, 2005, shortly after WEBER had arrived as a Partner at CITRIN, WEBER sent TARGUM an e-mail (using his CITRIN e-mail account) instructing TARGUM to

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

wire funds needed to pay New York State and New York City taxes to a CITRIN bank account thusly:

> ***We have to send NYS/NYC $ for you for 1st quarter 2005 $9,500. We will make a wire payment like the IRS payment.*** *It's the best way. I will let you know what to do tomorrow.* ***Its [sic.] ok to use my Citrin Cooperman a/c. They are ok now. I will set this up for your PC for future payments.*** *You just have to register. Saves a lot of paperwork.*

*See*, **Exhibit "C"** attached hereto (emphasis added).

48. In fact, the dozens of wire transfers that The Clients made at WEBER's behest virtually all have the same key common characteristics:

> BNF Name: Matt G. Weber c/o Citrin Cooperman
> BNF Address: 529 Fifth Avenue
> New York, NY 10017

49. The following is a copy of an actual wire transfer confirmation provided to The Clients after they made a wire transfer in accordance with WEBER's instructions:

**To: ANDREW S TARGUM PC**

**This notice is confirmation that an outgoing wire transfer has been debited from your account.**

| | |
|---|---|
| Dollar Amount: | $60000.00 |
| Originator Info: | ANDREW S TARGUM PC |
| Account Number : | **********8901 |
| **BNF Name:** | **MATT G. WEBER C/O CITRIN COOPERMAN** |
| **BNF Address:** | **529 FIFTH AVENUE** |
| | **NY NY 10017** |

50. While WEBER initially instructed TARGUM to wire funds to a CITRIN account at Sterling National Bank (622 Third Avenue, New York, NY 10017), a September 19, 2006 e-mail to TARGUM from WEBER on the CITRIN e-mail server bearing WEBER's CITRIN signature block and business card instructed TARGUM that he was to henceforth wire funds to a

different CITRIN account at Signature Bank, 565 Fifth Avenue, New York, NY 10017 (just a few doors down from CITRIN's office at 529 Fifth Avenue in New York City). *See*, **Exhibit "D"** attached hereto.

51. WEBER instructed The Clients, both orally and via CITRIN's electronic mail server, that the above-referenced bank accounts were CITRIN accounts utilized for clients to pay their taxes. Based on WEBER's instructions, The Clients sent a minimum of eighty (80) bank wire transfers to CITRIN. Attached hereto as **Exhibit "E"** is a chart stating the date, Originator, Origination Bank, Receiving Bank, Beneficiary, and Amount as to each of those wire transfers.

52. The Clients were justifiably confident that they were transacting business with CITRIN, as clients, in the normal course of business; and that the accounts to which they had wired their funds were indeed CITRIN bank accounts, bearing CITRIN's name and CITRIN's business address, with the transfer details having been given over CITRIN's e-mail.

**THE FRAUDULENT SCHEME PERPETRATED UPON THE CLIENTS**

53. Although The Clients did not know it at the time, their taxable income, when it was actually being reported, was being grossly under-reported to the governmental taxing authorities -- sometimes by as much as 90% -- and The Clients were provided false documentation to mislead and outright defraud them.

54. WEBER, in the course of his employment at CITRIN, using CITRIN's computer systems and with the assistance of other CITRIN employees, often prepared two sets of tax filings: one that was provided to The Clients, and a very different one that was filed with the appropriate governmental taxing authority. The copy that was provided to The Clients -- which showed it was prepared by WEBER as a representative of CITRIN -- contained the proper factual information provided to WEBER by The Clients, which they were told was the

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

information that had been provided to the taxing authority. Meanwhile, the copy CITRIN actually filed with the appropriate governmental taxing authorities (if one was filed at all) grossly under-reported The Clients' taxable income.

55. As indicated above, WEBER also routinely failed to file tax returns on behalf of The Clients when required to do so while telling them that he had filed the necessary paperwork.

56. The Clients relied on the professional work product of CITRIN and followed all professional guidance given by WEBER and his staff.

57. WEBER regularly instructed The Clients to wire funds to a CITRIN bank account so that CITRIN could then disburse from its bank account the necessary amount of funds to satisfy The Clients' tax liability in connection with the tax filings.

58. What was actually happening, though, is that CITRIN and WEBER took the funds provided to them by The Clients earmarked for paying The Clients' tax liabilities and converted those funds for CITRIN's and/or WEBER's own use.

59. For example, WEBER would prepare and provide The Clients a copy of a tax return showing that they were liable for paying $20,000.00 to a taxing authority; and The Clients would then wire $20,000.00 to a CITRIN bank account to satisfy the tax obligation.

60. Rather than file a return showing that The Clients were liable for paying $20,000.00 to the taxing authority, WEBER would either file nothing on The Clients' behalf or would file with the taxing authority a second tax return that he and others at CITRIN had prepared which showed The Clients were only liable for paying $5,000.00 to the taxing authority; and CITRIN and WEBER would retain the other $15,000.00-$20,000.00 and apply it to their own personal uses.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

61. WEBER, as a Partner and representative of CITRIN, would regularly communicate with the taxing authorities on behalf of The Clients -- doing so in writing on CITRIN's letterhead or through CITRIN's electronic mail servers and orally using CITRIN's telephone systems. *See*, **Composite Exhibit "F"** attached hereto. In the course of those communications, WEBER represented to the taxing authorities that, in his capacity as a Partner of CITRIN, he represented The Clients in connection with their tax matters.

62. In fact, in these communications with governmental representatives, WEBER often referred to himself, CITRIN, and The Clients as a collective "we" – embracing the team-based approach and ideal of togetherness under which CITRIN promotes itself on its own website:

Citrin Cooperman & Company, LLP
CERTIFIED PUBLIC ACCOUNTANTS

June 21, 2009

Internal Revenue Service
110 West 44th Street
New York, NY 10036-6710

Re: Andrew S. Targum PC
04-3694610 941 12/31/07

Attn: Agent Dolores Nicoletti

Dear Ms. Nicoletti:

We are in receipt of the final notice dated June 18, 2009 with respect to tax liability for the above captioned period.

It is our position that payments made for payroll tax liability may have been applied to the incorrect period and therefore your department has determined that there is tax due for the 4th quarter 2007.

We have completed form 12153 (Request for a Collection Due Process or Equivalent Hearing) as we would like to review a transcript of our account to reconcile the payments made with the appropriate quarters.

We respectfully request a transcript of our account from 1/1/07-06/30/08 and that a hold be placed upon this account until we have the opportunity to review the data.

*See, e.g.*, **Exhibit "G"** attached hereto.

63. WEBER's communications with the governmental agencies were made with CITRIN's blessing, knowledge, and utilized CITRIN's corporate accounts to send the documents.

64. The subject of the communications WEBER was having with the taxing authorities did not always necessarily match up with the information contained in the paperwork provided to The Clients -- something of which The Clients were totally unaware.

65. At no time relevant hereto were The Clients aware that two drastically different sets of tax filings had been prepared on their behalf, that tax returns that should have been filed for them were actually never filed, or that the funds they had wired to CITRIN had been applied anywhere other than to satisfy their tax obligations.

66. Had The Clients known this was happening, they would not have engaged CITRIN as their accountants, and The Clients would have retained different accountants to provide them with tax and corporate advice.

**CITRIN'S COMPUTER SOFTWARE AND DATABASES ARE DESIGNED TO PREVENT A FRAUD LIKE THIS**

67. CITRIN maintains a very sophisticated computer database containing, among other files, its clients' tax returns. To prepare the tax returns for filing each year, CITRIN inputs data into those returns. For continuing clients, some of the data, like their names and addresses, do not change often from year to year; other data, like income and deductions, are expected to change.

68. Each person who has access to the CITRIN computer system is given a unique identifying "user name," which he or she types on to the screen before using the computer.

69. The computer system keeps track of exactly when each tax return is modified, and by whom.

70. The computer system can then generate "Activity Reports" that show each date and time each tax return was modified and which user account made each of the modifications.

71. At all times material hereto, WEBER had a unique "user name" which he used to access CITIRN's computer system. So too did SOLLA and all of the other CITRIN employees who prepared, or assisted in preparing, The Clients' tax returns.

72. CITRIN's computer database contains numerous documents and electronic metadata demonstrating that WEBER, SOLLA, and others at CITRIN prepared tax returns for The Clients during the time period referenced above.

73. Similarly, CITRIN's computer systems contain numerous documents and electronic metadata (*e.g.*, correspondence, electronic mail, telephone logs, facsimile confirmations, wire transfers) demonstrating that WEBER, SOLLA, and others at CITRIN communicated with The Clients about CITRIN's preparation of those tax documents on behalf of The Clients.

74. In operating and maintaining its computer databases and systems, CITRIN had an obligation to review the "Activity Reports" to monitor and prevent fraud or other crimes of dishonesty from being perpetrated with its electronic systems.

75. Failure to satisfy its obligation in this regard would allow CITRIN Partners, employees, agents, and representatives with access to the computer databases and systems the ability to engage in wrongful conduct that could fraudulently, maliciously, intentionally, recklessly, or criminally harm the rights and interests of others, including The Clients.

76. At all times material hereto, WEBER was a Partner at CITRIN, and CITRIN had a duty and the ability to supervise and control WEBER.

77. Similarly, SOLLA was an employee at CITRIN, and CITRIN had a duty and the ability to supervise and control SOLLA.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

78. CITRIN knew or should have known that its Partner, with assistance and vital compliance by other employees at CITRIN (including SOLLA), was committing the crimes and misdeeds detailed herein; and CITRIN should have realized at some point during the tenure of his fraudulent scheme that WEBER, the Partner of the firm, was using firm resources (both human and non-human) and spending firm time committing such a massive and wide-spread fraud.

79. Moreover, CITRIN knew or should have known that its Partner was conspiring with other CITRIN employees (including SOLLA) to defraud clients because CITRIN should have had reasonable protections in place to make sure that its employees, including its Partners, are never in a position to help one another steal from a client.

80. Upon information and belief, at certain times during the relevant time period, CITRIN was utilizing unlicensed software on its computer systems. According to media reports, CITRIN paid $385,000 to the Business Software Alliance in or around September 2011 to settle claims that CITRIN had unlicensed copies of several popular computer programs (Adobe, Corel, Microsoft, and Symantec) installed on its computers. With regard to his firm's illegal use of unlicensed software, COOPERMAN is quoted as saying: "*Our firm has grown significantly in the last decade. We have always felt we were fully in compliance and had no idea there was any unlicensed software on our computers. When BSA asked us to check, we launched an investigation. Upon learning there was unlicensed software, we immediately contacted BSA and corrected it.*" The Clients do not know whether utilizing unlicensed software helped WEBER, SOLLA, and others at CITRIN perpetrate their fraud upon The Clients.

81. Regardless, CITRIN was aware that WEBER and other CITRIN Partners, employees, agents, and representatives were utilizing CITRIN computer software, licensed or

not, to prepare false and altered documents that were fraudulently given to The Clients and governmental authorities; and CITRIN recklessly ignored that information and did nothing to halt or address that practice.

**WEBER, ON CITRIN'S BEHALF, ASSURES THE CLIENTS THAT ALL IS TAKEN CARE OF**

82. At multiple times during the tenure of their accountant-client relationship, WEBER assured The Clients that all of their accounting and tax needs were being properly taken care of by himself and others at CITRIN.

83. For example, in December 2010, TARGUM was concerned that WEBER and CITRIN were not devoting enough time and attention to TARGUM's accounting needs.

84. On December 15, 2010, TARGUM sent an e-mail to WEBER (at WEBER's CITRIN e-mail address) expressing his concerns about their professional relationship. Approximately ten minutes later, WEBER responded (from his CITRIN e-mail address), apologized for the "*crazy couple of weeks*" WEBER had been enduring with a few other professional projects, and assured TARGUM that TARGUM's accounting needs would be met in a timely manner. *See*, **Exhibit "H"** attached hereto.

85. At the time WEBER made these statements to The Clients, he knew they were false and that The Clients would rely on his assurances that their interests were being protected.

86. Plaintiffs justifiably relied on the assurances WEBER made as a CITRIN Partner and representative, and they were thereby induced to continue their relationship with CITRIN and WEBER -- not knowing that they were actually being lied to and that their money was being converted by CITRIN and WEBER for improper use.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

**ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP AND CITRIN ARE AWARE OF WEBER'S CRIMINAL ACTIVITY**

87. In February 2012, a lawsuit was filed against CITRIN and WEBER in the Supreme Court of the State of New York in the County of New York in an action styled *Jordan Bardach and Imagine Marketing Group, LLC v. Matthew G. Weber and Citrin Cooperman & Company LLP*, Index No. 101661/2012.

88. According to the Amended Complaint filed in the *Bardach* lawsuit, Mr. Bardach and his corporate entity were CITRIN clients whose tax and corporate matters were being handled at CITRIN by WEBER and who were the victims of the same fraudulent tax filing scheme that WEBER and CITRIN have perpetrated upon The Clients.

89. Upon information and belief, CITRIN and its counsel, the law firm of Zukerman, Gore, Brandeis & Crossman, LLP ("the Zukerman Gore Law Firm"), had been forewarned by Mr. Bardach's counsel several weeks, if not months, before the *Bardach* lawsuit was filed as to the fraud and professional negligence WEBER and CITRIN had perpetrated upon the *Bardach* plaintiffs.

90. CITRIN and the Zukerman Gore Law Firm were unquestionably put on notice on or before the date on which CITRIN was served with process in the *Bardach* lawsuit that WEBER had engaged in criminal acts and professional activities rising to the level of defrauding CITRIN clients in the same exact manner The Clients were defrauded.

91. To be clear, WEBER's acts, and possibly other CITRIN employees' acts in connection therewith, are criminal. At a minimum, WEBER and other CITRIN employees committed the following violations:

(a) Filing false tax returns, which is punishable by fine and up to three years in prison;

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

      (b)    Offering a False Instrument for Filing with Intent to Defraud a Public Authority in the First Degree, New York Penal Law, Section 175.35, a Class E Felony; and

      (c)    Scheming to Defraud in the Second Degree, New York Penal Law, Section 190.60, a Class A Misdemeanor.

92.    CITRIN and the Zukerman Gore Law Firm either did nothing or did not do enough to put an end to the harmful, criminal actions and representations WEBER was making, and had made, on CITRIN's behalf.

93.    Rather than accepting blame for the wrongful and criminal acts perpetrated by its Partner and the harm caused to the victims of those acts, CITRIN, through the Zukerman Gore Law Firm, swiftly filed a counter-suit against Mr. Bardach and his corporate entity in which CITRIN sought to further victimize the victims. As shown below, this appears to be CITRIN's standard operating procedure.

## OTHER LITIGATION DEMONSTRATING CITRIN'S AWARENESS OF THE HARM THAT CAN BE CAUSED WHEN CITRIN FAILS TO KEEP ITS HOUSE IN ORDER

94.    The *Bardach* case is not the first lawsuit in which CITRIN's internal oversight of its employees' criminal and reckless activities has shown to be grossly substandard.

95.    In March 2007, a seasonal tax professional named William Schemitsch, who had been hired by CITRIN to assist with the preparation of CITRIN clients' tax returns during the busy 2006 and 2007 tax seasons, resigned from his position as a temporary worker with CITRIN.

96.    Following Mr. Schemitsch's resignation, CITRIN, with Zukerman Gore as its counsel, accused him of having tampered with client information housed within CITRIN's computer databases, which, in sum and substance, consisted of Mr. Schemitsch changing the name of a client's dependent child to "Butthead" and changing a client's occupation to "Bread Winner," among other trivial pranks, in CITRIN's internal databases.

97. CITRIN swiftly conducted its investigation and, before having gathered all relevant facts but satisfying itself that something amiss had taken place at its firm, filed a lawsuit against Mr. Schemitsch in this Court in the matter styled *Citrin Cooperman & Co., LLP v. William Schemitsch*, Case No. 07-cv-3269-DLC.

98. The *Schemitsch* lawsuit was filed by CITRIN a mere 36 days after Mr. Schemitsch resigned. Clearly, when it comes to CITRIN's low-ranking, seasonal independent contractors, CITRIN acts swiftly and with great vigor to remedy harm they might have caused in CITRIN's name.

99. To the contrary, CITRIN and its attorneys, whether Zukerman Gore or another firm, do not appear to hold its Partners to the same high standard, as CITRIN -- as of the date of this filing -- has not filed any civil action against WEBER or any other CITRIN Partners or employees for the harm described herein, despite having known for at least seven months of the crimes and misdeeds causing harm to Bardach, The Clients, and others.

100. Notwithstanding the foregoing, CITRIN cannot deny that as a matter of corporate policy, when it becomes aware of criminal activity within its ranks, CITRIN knows it must publically hold itself accountable and ensure that its clients are put on notice of potential criminal issues occurring at CITRIN.

**WEBER GOES TO ARUBA**

101. Shortly after the *Bardach* lawsuit was filed, WEBER went on a vacation to Aruba, presumably to seek a safe haven from the comeuppance about to fall upon him.

102. At the time WEBER went to Aruba, he was still employed as a Partner at CITRIN and had not been disciplined by CITRIN in any way.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

103. At the time WEBER went to Aruba, The Clients still had no idea they had been victimized by a fraudulent scheme that would include assessments against them in excess of $2,000,000 in fees and penalties by local, state, and federal taxing authorities.

104. On February 21, 2012, TARGUM sent WEBER an e-mail (at WEBER's CITRIN e-mail address) stating: *"Can you have your office email me your letters to IRS re:2008 and 2010 W-2 and [spread] sheets for 2007-2009 tax returns w[ith the] letter."* TARGUM was requesting that CITRIN provide TARGUM copies of certain documents CITRIN had prepared on TARGUM's behalf. *See*, **Exhibit "I"** attached hereto. WEBER's CITRIN e-mail address was still functioning on that date, and WEBER was still employed as a Partner at CITRIN.

105. TARGUM did not receive from WEBER or anyone else with whom he had dealt at CITRIN a response to his February 21, 2012 request.

106. Upon information and belief, WEBER's employment with CITRIN was terminated approximately one week after TARGUM's February 21, 2012 request.

CITRIN'S MASS MAILING TO CLIENTS CONCEDING WEBER'S FRAUD

107. On or about February 28, 2012, CITRIN sent to The Clients a generic, mass mailed letter addressed to "Dear Sir or Madam" in which CITRIN conceded, *inter alia*, *"it appears that [WEBER] may have failed to file certain of your tax returns and may have failed to make related payments to taxing authorities."* *See*, **Exhibits "J" and "K"** attached hereto.

108. By its generically-addressed nature (*i.e.*, "Dear Sir or Madam"), The Clients presume CITRIN sent similar copies of the standardized February 28, 2012 letter to many clients who, like The Clients and Bardach, had been victimized by WEBER's misdeeds and CITRIN's failure to either stop or identify the harmful acts its employee(s) and Partner(s) had been committing.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

109. By March 2012, the scheme that had been perpetrated became apparent to The Clients.

110. As a result of the fraud, The Clients are now facing in excess of $2,000,000 in fees and penalties being assessed by the Internal Revenue Service, the New York State Department of Taxation and Finance, and the New York State Workers' Compensation Board, as well as incurring mounting legal fees as they deal with the turmoil this has caused them.

**CITRIN THREATENED SEEMAN OVER ALLEGED UNPAID CLIENT RECEIVABLES**

111. Just one week after sending SEEMAN the February 28, 2012 letter -- in which CITRIN denied that he had "*ever been a client of [Citrin]*" and denied that the "*services concerning [his] taxes, tax payments, or possibly other matters*" were rendered to him by WEBER as a CITRIN client,

COOPERMAN

February 28, 2012

Irwin Seeman
[redacted]

Re: Work performed for you by Matthew G. Weber

Dear Sir or Madam:

It has just come to our attention that Matthew G. Weber, who was formerly affiliated with our firm, has been independently providing you with services concerning your taxes, tax payments, or possibly other matters, in violation of our partnership agreement, and without you having ever been a client of this firm and without the knowledge or authorization of our firm.

Mr. Weber has advised us of information from which it appears that he may have failed to file certain of your tax returns and may have failed to make related payments to taxing authorities. We thought it appropriate to advise you of this situation at the first opportunity. We would suggest that you immediately consult with an independent accountant and/or attorney.

Sincerely yours,

Joel A. Cooperman, CPA

David Kells (CITRIN's Chief Operating Officer) sent SEEMAN a March 9, 2012 letter threatening to refer him to CITRIN's collections attorney and demanding payment of "*an*

*outstanding balance due to [CITRIN] of $2,500.00 for services rendered at [SEEMAN's] request,*" *to wit*:

March 9, 2012

Irwin Seeman

[redacted]

Dear Mr. Seeman:

As of today's date, you have an outstanding balance due to our firm of $2,500.00 for services rendered at your request and which remain unpaid despite our repeated requests for payment.

If we do not receive a response from you within 10 days of the date of this letter, we will have to refer your account to our collections attorney, Mr. Lawrence Fechner who will be authorized to pursue the outstanding balance as vigorously as the law allows.

Please guide yourself accordingly.

Sincerely,

David Kells
Chief Operating Officer

*See*, **Exhibits "K"** (February 28, 2012 letter) and **"L"** (March 9, 2012 letter) attached hereto.

112. Not only did Mr. Kells' March 9, 2012 letter to SEEMAN specifically reference "*your account*," SEEMAN had previously been provided over two dozen invoices from CITRIN that reflect SEEMAN's "Client No." and demands for payment to CITRIN for services rendered on his behalf. *See*, **Composite Exhibit "M"** attached hereto.

113. Clearly, CITRIN's internal policies and procedures of documenting who is, and who is not, a client of the firm are critically flawed or have been compromised. Any allegation by CITRIN that The Clients were not clients of CITRIN and that services concerning their taxes, tax payments, or possibly other matters were not rendered to them as clients of CITRIN are false.

## WEBER INDICTED FOR GRAND LARCENY AND FAILING TO FILE INCOME TAX RETURNS

114. In June 2012, a grand jury in New York County, New York indicted WEBER on three counts of grand larceny in the second degree for violating New York State Penal Law

§155.40(1). The June 27, 2012 indictment is styled *The People of the State of New York against Matthew Weber*, Supreme Court of the State of New York in the County of New York, Case No. 03020-2012, Criminal Justice Tracking Number 65553575Z. *See*, **Exhibit "N"** attached hereto

115. In addition to the foregoing, WEBER was also indicted by the grand jury on one count of repeatedly failing to file personal income and earnings taxes in violation of New York State Tax Law §1808(a).

116. During the course of the grand jury proceeding, COOPERMAN -- after being prepared by his counsel at the Zukerman Gore Law Firm -- testified as to what he knew of WEBER's criminal activity including, upon information and belief, how long he knew it, to whom the crimes were reported (if anyone), and how CITRIN reacted to learning that one of its Partners had committed crimes of dishonesty that go to the heart of CITRIN's business operations.

117. According to the indictment, WEBER stole from TARGUM property in an amount exceeding Fifty Thousand Dollars ($50,000.00). Similarly, the indictment held that WEBER stole from Bardach property in an amount exceeding Fifty Thousand Dollars ($50,000.00). In addition, the indictment also held that WEBER stole from a receivership established in the names of Werner and Faith Lippe property exceeding Fifty Thousand Dollars ($50,000.00).

118. Werner Lippe is the notorious Westchester, New York "Jeweler to the Stars" who was convicted in October 2010 of savagely murdering his wife, Faith Lippe, and incinerating her body in an oil drum -- thus leaving their then-teenage children without a mother while they awaited the sentencing of their father. In March 2011, Werner Lippe was sentenced to serve a

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

minimum of 25 years in prison for his crime. As a result of Mr. Lippe's crime, a receivership was established to provide for Mr. and Mrs. Lippe's teenage children.

119. Through court proceedings, CITRIN was appointed the Receiver for the Lippe receivership. WEBER was one of the professionals at CITRIN who was entrusted with protecting the Lippe children's assets. According to the indictment, WEBER abused that trust and stole funds from the receivership created for the Lippe children.

120. As noted above, CITRIN -- as of the date of this filing -- has not filed any civil action against WEBER despite having known for at least seven months of the crimes and misdeeds causing harm to Bardach, The Clients, the Lippe receivership, and others. The only civil actions CITRIN has brought to flex its corporate muscle have been those aimed at further victimizing the victims of CITRIN's acts and omissions.

**THE AUGUST 2, 2012 DEMAND LETTER TO CITRIN**

121. On August 2, 2012, undersigned counsel, on behalf of The Clients, served a very detailed demand letter upon CITRIN that set forth all of the allegations of wrongdoing identified in this Complaint and provided CITRIN several hundred pages of documents in support thereof. *See*, **Exhibit "O"** attached hereto (enclosures omitted). In the spirit of professionalism and courtesy, undersigned counsel gave CITRIN thirty (30) days to respond to the allegations set forth in the August 2, 2012 demand letter.

122. On August 30, 2012 -- apparently adhering to heavyweight prizefighter Jack Dempsey's oft-quoted maxim "The best defense is a good offense" -- CITRIN filed, through the Zukerman Gore Law Firm, a lawsuit against TARGUM in the Supreme Court of the State of New York in the County of New York in an action styled *Citrin Cooperman & Company LLP v. Andrew Targum, et al.*, Index No. 653051/2012. A copy of the Complaint is attached hereto as

**Exhibit "P"** for this Court to see the approach CITRIN has taken to falsely attack the victims in this case.

123. The CITRIN lawsuit so closely mirrors the attack CITRIN levied upon Bardach that the CITRIN lawsuit against TARGUM even contains the same misspellings and mis-identified monikers that were in the counterclaim CITRIN filed against Bardach. Apparently, CITRIN contends that both Bardach and Targum, along with their corporate entities, separately and without each other's knowledge hatched the same exact conspiratorial scheme to deprive CITRIN of WEBER's time, attention, and loyalty.

124. Unlike in the *Bardach* case -- in which CITRIN carefully alleged that "*Bardach and IMG did not interact with any accountants, partners,* ***or employees*** *of Citrin Cooperman except for Weber*" (emphasis added) -- CITRIN merely alleged in the *Citrin v. Targum* lawsuit that "*[TARGUM] did not interact with any accountants or partners of Citrin Cooperman, except for their private, unauthorized dealings with Weber.*" By omitting from its Complaint against TARGUM the words "or employees," CITRIN tacitly admitted that TARGUM did interact with several CITRIN employees other than WEBER, including but not limited to, Vera Fici and SOLLA.

125. Quite tellingly, CITRIN's lawsuit against TARGUM fails to mention that WEBER has been indicted and does not join WEBER as a party-defendant in the lawsuit despite his central role in the supposed conspiracy against CITRIN.

126. The Clients have retained separate counsel to dispose of the CITRIN lawsuit.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

**CITRIN IS VICARIOUSLY LIABLE FOR WEBER'S CRIMES AND MISDEEDS**

127. There is no question that CITRIN is responsible and should be held accountable for WEBER's conduct. WEBER used his position of trust, as a Partner of CITRIN, to enable himself and his cohorts to conduct and conceal their criminal activity.

128. During the entirety of WEBER's scheme to defraud and steal funds from The Clients, WEBER was a Partner of CITRIN, used his position at CITRIN to commit crimes against The Clients and others under the guise of providing them with proper accounting representation, and used CITRIN bank accounts to siphon funds away from The Clients and others.

129. It may seem surprising that CITRIN has sat idly by while one of its Partners used CITRIN bank accounts to steal hundreds of thousands of dollars from client funds over a period of several years, but it is nothing less than stunning that CITRIN now asserts that it has no responsibility for its Partner's actions under these circumstances and has the temerity to sue the victims of that Partner's fraud; without having the professionalism to mention in those public filings that its former Partner has been indicted based largely on the testimony of Bardach and TARGUM. In fact, upon information and belief, it was not CITRIN who first reported WEBER's criminal conduct; rather, it was Bardach who discovered and reported him to the authorities. Bardach has filed his own civil suit, separate and apart from The Clients.

130. The Clients bring this action to hold CITRIN, WEBER, and the additional defendants liable for abusing their positions of trust, misappropriating for their own use The Clients' funds, and for putting The Clients in the financially devastated position in which they now find themselves.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

131. The Clients have duly performed all of their duties and obligations, and any conditions precedent to The Clients bringing this action have occurred, have been performed, or else have been excused or waived.

132. To enforce their rights, The Clients have retained undersigned counsel and are obligated to pay counsel a reasonable fee for its services, for which Defendants are liable as a result of their bad faith and otherwise.

## COUNT I – BREACH OF FIDUCIARY DUTIES
[AGAINST CITRIN AND WEBER]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

133. The commercial relationship between The Clients and both CITRIN and WEBER constituted a relationship in which deep trust, dependence, confidence, counsel and reliance was placed in and existed with CITRIN and WEBER by The Clients, such that a fiduciary relationship was established. Developing this fiduciary relationship is consistent with the relationship typically developed between a client and an accountant/tax preparer.

134. CITRIN and WEBER were aware of The Clients' reliance, dependency upon, and trust in CITRIN and WEBER.

135. CITRIN and WEBER breached their fiduciary duty to The Clients by disregarding standard practices and procedures and by ignoring the "red flags" about WEBER's conduct as it related to the manner in which he handled The Clients' tax and corporate matters.

136. As a result of the foregoing breaches of fiduciary duty committed against The Clients by CITRIN and WEBER, The Clients have suffered actual and special damages.

137.    The Clients seek an award of damages, including punitive damages, against CITRIN and WEBER based on CITRIN and WEBER's willful and malicious conduct against The Clients, orchestrated for a period of approximately seven years. This course of conduct comprised not just a single instance of willful and malicious conduct, but as stated above, constituted an ongoing and systematic pattern of acts, any one of which would independently support an award of punitive damages and the cumulative effect of which demonstrates egregious and outrageous behavior.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and WEBER, jointly and severally.

## COUNT II – PROFESSIONAL NEGLIGENCE
### [AGAINST CITRIN AND WEBER]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

138.    The Clients retained CITRIN and WEBER to perform professional tax accounting services related to The Clients' tax liabilities to various governmental authorities and render corporate assistance in connection with those tax accounting services.

139.    All of the acts and omissions performed by WEBER were done within the scope of his employment as a certified public accountant at CITRIN.

140. CITRIN and WEBER collectively owed a duty to The Clients to provide them sound, reliable advice and to refrain from making to them any false representations of fact in the course of handling their tax filings.

141. Moreover, as the tax accountants for The Clients, CITRIN and WEBER owed a duty of "due diligence" to these clients. This duty, as more fully defined by the American Institute for Certified Public Accountants, required CITRIN and WEBER, prior to signing tax returns, to investigate any "red flags" and either: (i) determine that they were innocuous, or (ii) resolve the issue presented. CITRIN and WEBER were also required to "promptly" correct any known errors in the immediate or prior returns.

142. As explained in greater detail above, CITRIN and WEBER breached the duties they owed to The Clients.

143. As a direct and proximate result of CITRIN and WEBER's breach of duty, The Clients have suffered damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and WEBER, jointly and severally.

**COUNT III – VIOLATION OF 18 U.S.C. § 1030**
**("COMPUTER FRAUD AND ABUSE ACT")**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

144. This cause of action asserts a claim against CITRIN and WEBER for violations of 18 U.S.C. § 1030 ("The Computer Fraud and Abuse Act") for exceeding authorized access to a protected computer.

145. In the course of preparing The Clients' tax returns, CITRIN and WEBER had access to TARGUM's computers, including the Quickbooks applications that housed the information that was supposed to be inserted into the tax return filings.

146. By virtue of the limited access granted to TARGUM's computers, TARGUM's computers and later CITRIN's computers became one-and-the-same.

147. The computer or computers that CITRIN and WEBER accessed are "protected computer(s)" as defined in 18 U.S.C. § 1030(e)(2)(B) because it or they are used in interstate or foreign commerce or communication, including sending and receiving electronic m[illegible]cessing and interacting with the World Wide Web, electronically filing documents with state and federal courts, and housing information needed for preparing federal and state income tax returns which are electronically filed with the IRS and/or tax authorities of various states by using the computer or computers.

148. While CITRIN and WEBER were able to obtain information by intentionally accessing TARGUM's protected computers, they exceeded their authorized access by altering information on TARGUM's computers that CITRIN and WEBER were not entitled to alter.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

149. Likewise, CITRIN and WEBER intentionally furthered a fraud by knowingly exceeding their authorized access to TARGUM's protected computers.

150. As a consequence of CITRIN and WEBER exceeding their authority to TARGUM's protected computers, The Clients have suffered damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate.

**COUNT IV – VIOLATION OF CIVIL RICO ACT (18 U.S.C. § 1962(c))**
**[AGAINST CITRIN, WEBER, AND SOLLA]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

151. This cause of action asserts claims against CITRIN, WEBER and SOLLA for violations of 18 U.S.C. § 1962(c) for conducting the affairs of an unlawful enterprise (the "RICO Enterprise") through the pattern of racketeering activity described herein.

152. At times material hereto, The Clients, CITRIN, WEBER and SOLLA were each a "person" as that term is defined in 18 U.S.C. § 1961(3).

153. At times material hereto, The Clients were and are each a "person injured in his or her business or property by reason of a violation of" RICO within the meaning of 18 U.S.C. § 1964(c).

154. At times material hereto, CITRIN, WEBER and SOLLA were, and are, each a "person" who conducted the affairs of the RICO Enterprise through the pattern of racketeering activity described herein. While CITRIN, WEBER and SOLLA participated in the RICO

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

Enterprise, they each had an existence separate and distinct from the enterprise. Further, the RICO Enterprise is separate and distinct from the "pattern of racketeering activity" in which CITRIN, WEBER and SOLLA have engaged.

155. At times material hereto, CITRIN, WEBER and SOLLA were associated with, operated and/or controlled the RICO Enterprise, and CITRIN, WEBER and SOLLA participated in the operation and management of the affairs of the RICO Enterprise through a variety of actions. CITRIN, WEBER and SOLLA's participation in the RICO Enterprise was necessary for the successful operation of their scheme.

## THE RICO ENTERPRISE

156. Section 1961(4) of the RICO Act defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

157. The following persons, and others presently unknown, have been members of and constitute an "enterprise" within the meaning of RICO: (a) CITRIN; (b) WEBER, and (c) SOLLA.

158. The RICO Enterprise is an association-in-fact within the meaning of 18 U.S.C. § 1961(4) and constitutes a group of "persons" associated together for the common purpose of employing the multiple deceptive, abusive, and fraudulent acts described herein.

159. CITRIN, WEBER and SOLLA, collectively with one another as well as with others presently unknown – some of whom are employees of CITRIN – using CITRIN's computer systems, prepared two sets of tax filings: one that was provided to The Clients, and a very different one that was filed with the appropriate governmental taxing authority. The copy that was provided to The Clients contained the proper factual information provided to CITRIN

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

and WEBER by The Clients, which The Clients were told was the information that had been provided to the taxing authority. Meanwhile, the copy CITRIN actually filed with the appropriate governmental taxing authorities (if anything was filed at all) grossly under-reported The Clients' taxable income.

160. The RICO Enterprise was an ongoing enterprise that engaged in, and whose activities affected, interstate commerce by, among other things, affecting taxes collected by several governmental taxing authorities in several states throughout the United States.

161. The overarching purpose of the RICO Enterprise was for each of its members to profit from the funds wired by The Clients to CITRIN that had been earmarked for payment to the appropriate taxing authorities. Upon information and belief, CITRIN, WEBER and SOLLA themselves accomplished this goal by converting the funds supplied by The Clients and misappropriating those funds for personal use as described above.

## THE RICO PREDICATE ACTS

162. Section 1961(1) of RICO provides that "racketeering activity" is, among other things:

(a) Any act indictable under any of the provisions of 18 U.S.C. § 1341 (mail fraud);

(b) Any act indictable under any of the provisions of 18 U.S.C. § 1343 (wire fraud); and

(c) Any act indictable under any of the provisions of 18 U.S.C. § 1957 (engaging in monetary transactions in property derived from specified unlawful activity); and

163. As set forth below and throughout this Complaint, CITRIN, WEBER and SOLLA have engaged in the affairs of the RICO Enterprise through multiple acts which serve as the predicate for The Clients' RICO claim.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

**Mail Fraud**

164. CITRIN, WEBER and SOLLA, in violation of 18 U.S.C. § 1341, placed in post offices or official depositories of the United States Postal Service matter and things to be delivered by Postal Service, caused matters and things to be delivered by commercial interstate carrier, and received matters and things from the Postal Service or commercial interstate carriers, including but not limited to: (a) false tax returns sent to governmental taxing authorities, (b) tax returns provided to The Clients which were materially different from the tax returns actually filed with governmental tax authorities, (c) tax returns provided to The Clients which were never actually filed with governmental tax authorities despite CITRIN and WEBER's statements to the contrary, and (d) correspondence from CITRIN, on CITRIN letterhead, to various governmental taxing authorities in which false statements of fact were made and which permitted the fraudulent scheme to persist and grow.

165. Included among the false and misrepresentative documents sent via U.S. Mail, and those which permitted the fraudulent scheme to persist and grow, are the following:

- Andrew and Erika Targum's 2005 IRS Form 1040, showing that it was prepared by "Citrin Cooperman & Company, LLP";
- June 21, 2009 letter from CITRIN, on CITRIN letterhead, to the Internal Revenue Service, discussing tax notice sent regarding TARGUM;
- November 2, 2010 letter from CITRIN, on CITRIN letterhead, to the Internal Revenue Service, discussing meeting and telephone calls conducted on TARGUM's behalf;
- January 20, 2011 letter from CITRIN, on CITRIN letterhead, to the Internal Revenue Service, enclosing 2007 and 2008 joint income tax returns for TARGUM and requesting all future communications relating to those filings be directed to WEBER at CITRIN;
- January 21, 2011 letter from CITRIN, on CITRIN letterhead, to the Internal Revenue Service, enclosing 2009 joint income tax return for

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

TARGUM and requesting all future communications relating to that filing be directed to WEBER at CITRIN;

- March 1, 2011 letter from CITRIN, on CITRIN letterhead, to the Internal Revenue Service, discussing overpayment notice and referring to TARGUM as "my client";

- May 16, 2011 letter from CITRIN, on CITRIN letterhead, to the New York State Workers Compensation Board - Bureau of Compliance, enclosing forms prepared on TARGUM's behalf and requesting abatement of monetary penalty assessed to TARGUM;

- December 19, 2011 letter from CITRIN, on CITRIN letterhead, to the New York State Department of Taxation and Finance, enclosing forms prepared for TARGUM and requesting abatement of enforcement action against TARGUM.

166. CITRIN, WEBER and SOLLA's misrepresentations and acts were knowing and intentional and were made with the intent to create and manage the RICO Enterprise's scheme to defraud and manipulate The Clients and misappropriate or manipulate the funds supplied by The Clients that had been earmarked for payment of their presumed tax liabilities.

167. Additionally, in violation of 18 U.S.C. § 1341, CITRIN, WEBER and SOLLA conducted exchanges, payments, and monetary transfers using the U.S. Mail concerning the receipt and distribution of the proceeds of CITRIN, WEBER and SOLLA's improper conversion of The Clients' funds.

**Wire Fraud**

168. CITRIN, WEBER and SOLLA, in violation of 18 U.S.C. § 1343, transmitted and received by wire, internet connection, or other electronic media, matters and things relating to their deceptive campaign, including false tax returns, electronic mail messages and funds from The Clients that were supposed to be directed for payment of their presumed tax liabilities.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

169. Included among the false and misrepresentative documents sent or received via wire or electronic means, and those that helped foster the RICO Enterprise's deceptive campaign, are the following:

- The 80 wire transfers received by CITRIN from The Clients which are delineated in Exhibit "E" hereto.
- February 27, 2007 e-mail from WEBER to TARGUM, showing that WEBER and SOLLA, his assistant at CITRIN, prepared TARGUM's W-2 form;
- February 9, 2009 e-mail from TARGUM to WEBER, requesting preparation of Form 1099 tax filings;
- June 24, 2009 e-mail from TARGUM to WEBER, requesting preparation of Form K-1 tax filings;
- June 1, 2010 e-mail exchange between WEBER, TARGUM, and SOLLA, again evidencing knowledge and complicity CITRIN and its employees;

170. CITRIN, WEBER and SOLLA's misrepresentations and acts were knowing and intentional and were made with the intent to create and manage the RICO Enterprise's scheme to defraud and manipulate The Clients by accepting funds intended for payment of presumed tax liabilities and misappropriating or manipulating those funds.

171. Additionally, in violation of 18 U.S.C. § 1343, CITRIN, WEBER and SOLLA conducted exchanges, payments, and monetary transfers using the wires concerning the receipt and distribution of the proceeds of CITRIN, WEBER and SOLLA's improper conversion of The Clients' funds.

**<u>Monetary Transactions in Property Derived from Specified Unlawful Activity</u>**

172. CITRIN, WEBER and SOLLA, in violation of 18 U.S.C. § 1957:

(a) knowingly engaged in monetary transactions in criminally derived property of a value greater than $10,000 which was derived from specified unlawful activity; and

(b) were engaged in the withdrawal, transfer or exchange, in or

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

> affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

173. Specifically, CITRIN, WEBER and SOLLA knowingly accepted and exchanged funds from The Clients that was supposed to be directed for payment of their presumed tax liabilities using either the U.S. Postal Service or wire transfers, or both.

**THE PATTERN OF RACKETEERING ACTIVITY**

174. As set forth herein, CITRIN, WEBER and SOLLA have engaged in a "pattern of racketeering activity," as defined in 18 U.S.C. § 1961(5), by committing or conspiring to commit at least two acts of racketeering activity, described above, within the past ten years.

175. CITRIN, WEBER and SOLLA have engaged in a scheme to defraud consumers, including The Clients, Bardach, and others, through fraudulent misrepresentations, knowing concealments, suppressions and omissions of material fact for the purpose of executing their scheme.

176. CITRIN, WEBER and SOLLA's racketeering activities amount to a common course of conduct intended to deceive and harm customers such as The Clients. Each such racketeering activity is related, has a similar purpose, involves the same or similar participants, and has similar results affecting similar victims, including The Clients.

177. Plaintiffs' injuries were directly and proximately caused by CITRIN, WEBER and SOLLA's racketeering activity.

178. The Clients have standing to sue CITRIN, WEBER and SOLLA under 18 U.S.C. § 1964(c) and to recover compensatory damages, treble damages, and the costs of this suit, including an award of reasonable attorneys' fees.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; MATTHEW G.

WEBER, an individual; and ELDA SOLLA, an individual, jointly and severally for an amount within the jurisdictional limits of this court, including an award of interest, costs, attorneys' fees, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN, WEBER and SOLLA, jointly and severally.

**COUNT V – VIOLATION OF CIVIL RICO (18 U.S.C. § 1962(d))**
**[AGAINST ALL DEFENDANTS]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 and 151-178 above, and further allege:

179. This cause of action asserts a claim against Defendants for violations of 18 U.S.C. § 1962(d) for conspiring to violate the other provisions of the RICO Act.

180. Defendants conspired with one another, as well as other individuals and entities, to perpetrate upon Plaintiffs unlawful acts which violated the RICO Act or to perpetrate a lawful act by unlawful means, *to wit*: they made multiple misrepresentations of fact to The Clients in an effort to extract from The Clients funds intended for payment of The Clients' presumed tax liabilities, and they either committed or knowingly ignored the crimes and misdeeds of their fellow conspirators – all of which put Defendants' own pecuniary interest ahead of the Debtors' welfare and economic safety.

181. When, during the tenure of the conspiracy, evidence arose that something about the professional services supposedly being provided by CITRIN and WEBER was amiss, Defendants would engage in a "cover up" to allow the scheme to continue.

182. For example, when TARGUM became wary of the substandard level of service TARGUM was receiving from CITRIN and WEBER, WEBER assured TARGUM that all was fine and that the requested remedy was on the way. *See*, Exhibit "H" hereto.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

183. Likewise, SOLLA would often field telephone calls and electronic mail messages from The Clients and would provide them false information to "cover up" for CITRIN and WEBER.

184. Similarly, by regularly turning a blind eye to the criminal acts that were occurring at his firm, COOPERMAN both fueled and "covered up" the conspiracy and put his own and CITRIN's interests ahead of those of The Clients and other victims of the crimes committed at CITRIN. Upon information and belief, since the fraud has been exposed, COOPERMAN has orchestrated a campaign to further punish the victims, including The Clients, through litigation threats and actual litigation. Furthermore, when undersigned counsel sent the August 2, 2012 demand letter to COOPERMAN in an effort to uncover and remedy what had been done to The Clients; COOPERMAN advanced the "cover up" with stonewalled silence, a refusal to turn over the client files requested in the demand letter, and authorized the Zukerman Gore Law Firm-crafted lawsuit that seeks to misdirect all blame from CITRIN and instead heap it onto the victims.

185. Additionally, Lorraine Weber knowingly accepted from her husband (WEBER) funds that were illegally obtained from The Clients, and she remained purposefully silent in the face of the fraudulent activity.

186. In furtherance of their conspiracy, Defendants made to The Clients, or agreed to have someone make on their behalf, the false statements of fact detailed above.

187. Defendants have both agreed to the overall objective of the conspiracy and have agreed to commit at least two predicate acts in furtherance of the conspiracy.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

188. As described above, Defendants objectively manifested, through words or actions, their agreement to participate in the conduct of the affairs of the RICO Enterprise through a pattern of racketeering activity.

189. As a direct and proximate result of Defendants' conspiracy, The Clients have suffered damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; MATTHEW G. WEBER, an individual; JOEL COOPERMAN, an individual; ELDA SOLLA, an individual; and LORRAINE WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against Defendants jointly and severally.

**COUNT VI – COMMON LAW FRAUD**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

190. CITRIN and WEBER, by acts of both omission and commission, made false statements to The Clients concerning material facts about their tax returns, their tax liabilities, and the use of the funds The Clients wired to CITRIN and WEBER to pay for their anticipated tax liabilities.

191. CITRIN and WEBER knew at the time the statements were made that the statements were false.

192. CITRIN and WEBER intended that The Clients would be induced into action by relying upon the statements of fact made to them by CITRIN and WEBER.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

193. In the course of entrusting CITRIN and WEBER to properly handle their tax matters, The Clients reasonably and justifiably relied on the statements of fact made to them by CITRIN and WEBER.

194. As a direct and proximate result of The Clients' reliance on the statements made to them by CITRIN and WEBER, The Clients have suffered damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and WEBER, jointly and severally.

## COUNT VII – CIVIL CONSPIRACY
### [AGAINST ALL DEFENDANTS]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

195. Defendants conspired with one another to perpetrate an unlawful act upon The Clients or to perpetrate a lawful act by unlawful means, *to wit*:

(a) Defendants made multiple misrepresentations of fact to The Clients in an effort to cover up the theft of The Clients' funds;

(b) Defendants prepared, or assisted in preparing, for The Clients unauthorized and false tax returns; and

(c) Defendants exceeded the authority they had to utilize the information contained in The Clients' computer systems in a manner that violates federal law

all of which put Defendants' own pecuniary interest ahead of The Clients' welfare and economic safety.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

196. In furtherance of their conspiracy, Defendants made to The Clients, or agreed to have someone make on their behalf, the false statements of fact detailed above.

197. As a direct and proximate result of Defendants' conspiracy, The Clients have suffered damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; MATTHEW G. WEBER, an individual; JOEL COOPERMAN, an individual; ELDA SOLLA, an individual; and LORRAINE WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate.

**COUNT VIII – CONVERSION**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

198. At all times relevant hereto, The Clients were the lawful owners of the funds that were wired to CITRIN and WEBER to pay The Clients' tax liabilities.

199. CITRIN and WEBER have interfered with The Clients' ownership and interest in that money.

200. CITRIN and WEBER have converted The Clients' money to their own personal use, thereby causing The Clients' damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate.

**COUNT IX – NEGLIGENCE**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

201. CITRIN and WEBER collectively owed a duty to The Clients to provide them sound, reliable advice and to refrain from making to them any false representations of fact in the course of handling their tax filings and rendering corporate advice in connection therewith.

202. As explained in greater detail above, CITRIN and WEBER breached the duty they owed to The Clients.

203. As a direct and proximate result of CITRIN and WEBER's breach of duty, The Clients have suffered damage.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and WEBER, jointly and severally.

**COUNT X – NEGLIGENCE AND WIRE TRANSFER LIABILITY**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

204. This is an action seeking damages based upon negligence and wire transfer liability relating to wrongful and improper wire transfers of The Clients' funds on account with CITRIN, which were conducted by CITRIN and WEBER.

205. At all times material hereto, CITRIN and WEBER (by themselves and through others upon their direction) authorized and directed via wire instructions several wire transfers of The Clients' funds on account with CITRIN totaling hundreds of thousands of dollars (the "Wire Transfers").

206. Pursuant to applicable law, CITRIN and WEBER owed a duty of care to The Clients to correctly and prudently process the Wire Transfers, subject to commercially reasonable security procedures.

207. CITRIN and WEBER breached their duty of care to The Clients by violating their own internal policies and procedures and by violating regulations within the accounting industry and other prudent and sound practices and procedures within the accounting industry, as more fully identified above.

208. CITRIN and WEBER further breached their duty of care by lacking good faith in processing and/or effectuating the Wire Transfers based upon their actual and/or constructive knowledge of suspicious, fraudulent, and criminal activities relating to the tax returns being prepared by CITRIN and WEBER for The Clients.

209. In effectuating the Wire Transfers, CITRIN and WEBER ignored suspicious, fraudulent, and criminal activities within CITRIN's internal computer systems and obvious "red flags" that required that the funds comprising the Wire Transfers remain with CITRIN and WEBER pending, among other things, full notification and disclosure of those illegal activities to the appropriate criminal authorities.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

210. Notably, CITRIN and WEBER knew about the suspicious activities and other material "red flags" prior to their decision to process the Wire Transfers, which thereby caused the funds to be transferred out of CITRIN's accounts for an improper purpose and to CITRIN and WEBER or third parties, where they were thereafter dissipated and were further converted.

211. As a direct and proximate result of the above-cited breaches, The Clients have suffered damages in the amount of the value of the funds comprising the improper Wire Transfers.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and WEBER, jointly and severally.

**COUNT XI – NEGLIGENT RETENTION AND SUPERVISION**
**[AGAINST CITRIN]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

212. This is an action seeking damages based upon CITRIN's negligent retention and/or supervision of its management and/or employees, including but not limited to, those employees and agents of CITRIN who were responsible for, *inter alia*, preparing and filing all of The Clients' city, state, and federal income taxes.

213. At all times material hereto, CITRIN knew or should have known that its employees, agents, and others were engaging in activities that were improper and perhaps illegal, including but not limited to:

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

(a) ignoring CITRIN's own internal policies and procedures;

(b) violating regulations within the accounting industry and other prudent and sound practices and procedures within the accounting industry; and

(c) utilizing company resources (both human and non-human), including trackable computers, telephones, photocopiers, electronic mail servers, and office space to service people who CITRIN now claims were never clients of the firm.

214. Additionally, CITRIN knew that WEBER's productivity and profitability as a Partner at CITRIN had plummeted and that, as a result thereof, he needed an increased measure of supervision and monitoring.

215. Likewise, CITRIN was well aware that WEBER had previously been sued for accounting malpractice, which itself should have caused CITRIN to increase the measure of the firm's supervision and monitoring of WEBER and those who regularly worked under his direction.

216. CITRIN had an obligation to investigate and monitor its employees' activities; and, had it conducted even a reasonably diligent investigation, or indeed any monitoring of its Partners' and/or employees' activities, CITRIN would have discovered that its employees (including WEBER and SOLLA) were, in fact, engaging in a scheme to defraud The Clients and the governmental taxing authorities to whom The Clients' false tax filings were submitted by WEBER and his co-workers.

217. CITRIN had a duty to take steps to prevent or rectify the improper activities and conduct of their employees and agents and to safeguard The Clients' funds and legal interests. Such steps could have included:

(a) suspending or terminating at an earlier date the employment of WEBER and those officers, employees and agents (including SOLLA) who contributed to and/or assisted in preparing and filing factually incorrect tax

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

returns for The Clients and converting the money provided by The Clients to pay anticipated tax liabilities;

(b) increasing supervision of those officers, employees and agents tasked with establishing, monitoring and maintaining CITRIN's computer databases and systems; and

(c) suspending or terminating at an earlier date the employment of those officers, employees and agents tasked with establishing, monitoring and maintaining CITRIN's computer databases and systems.

218. Rather than discharge its duties to The Clients, CITRIN turned a blind eye to, or failed to exercise reasonable means to discover and correct, active misconduct and negligence on the part of its employees, agents, and others and instead permitted them to:

(a) file factually incorrect tax returns for The Clients;

(b) defraud The Clients by telling them that tax returns had been filed on their behalf when no returns had actually been filed;

(c) convert the money provided by The Clients to pay anticipated tax liabilities;

(d) overlook the fact that CITRIN's computer databases were being misused and that "red flags" were waving in response to that wrongful conduct;

(e) substantially assist WEBER and his co-workers in their fraudulent scheme.

219. As a direct and proximate result of the negligent retention and/or supervision of its employees, agents, and others by CITRIN, The Clients suffered damages for which CITRIN is liable.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN.

**COUNT XII – BREACH OF CONTRACT**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

220. The Clients entered into an oral agreement with CITRIN and WEBER (the "Agreement") under which CITRIN and WEBER were obligated, *inter alia*, to accurately and truthfully prepare and file all of The Clients' local, state, and federal tax filings as well as properly direct all funds transmitted by The Clients to CITRIN and WEBER to pay any and all tax liabilities The Clients might have in connection with their filings.

221. The Clients have fully performed all of their obligations under the Agreement, except to the extent that such performance has been excused, prevented, hindered, frustrated and/or rendered useless by the acts and omissions of Defendants.

222. As described above, Defendants have failed to fully perform their obligations under the Agreement and have thus breached the Agreement.

223. As a direct and proximate result of Defendants' breach of the Agreement, The Clients have suffered damages.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate.

**COUNT XIII – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**[AGAINST CITRIN AND WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

224. A covenant of good faith and fair dealing in the course of the contract performance is implicit in all contracts.

225. The purpose of the implied covenant of good faith is to further an agreement by protecting the promise against a breach of the reasonable expectations and inferences otherwise derived from the agreement. The covenant of good faith and fair dealing protects the bargained-for terms of the agreement.

226. As referenced above in Paragraph 220, The Clients entered into an Agreement with CITRIN and WEBER under which CITRIN and WEBER were obligated, *inter alia*, to accurately and truthfully prepare and file all of The Clients' local, state, and federal tax filings as well as properly direct all funds transmitted by The Clients to CITRIN and WEBER to pay any and all tax liabilities The Clients might have in connection with their filings.

227. The bargained-for terms of the Agreement included an agreement made by CITRIN and WEBER to engage in good faith practices, adhere to their professional obligations, and satisfy all applicable standards of accounting, free of manipulation and deception by CITRIN and WEBER.

228. In contravention of these bargained-for terms, CITRIN and WEBER engaged in various unscrupulous acts with a purpose of defrauding The Clients by, *inter alia*, filing false tax returns, failing to file tax returns for The Clients when required to do so, and accepting wire transferred funds to pay for tax liabilities and misappropriating or manipulating the funds wired.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

229. By reason of CITRIN and WEBER's above-described conduct, they have breached the covenant of good faith and fair dealing, which has caused The Clients substantial harm.

230. The Clients have fully performed all of their obligations under the Agreement, except to the extent that such performance has been excused, prevented, hindered, frustrated and/or rendered useless by the acts and omissions of CITRIN and WEBER.

231. As a direct and proximate result of CITRIN and WEBER's breach of the Agreement, The Clients have suffered damages.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership; and MATTHEW G. WEBER, an individual; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate.

**COUNT XIV – AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES**
**[AGAINST CITRIN AND SOLLA]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

232. At all material times, WEBER owed The Clients a fiduciary obligation to discharge his professional duties in good faith, with the care that an ordinarily prudent accountant in a like position would exercise and in a manner reasonably believed to be in The Clients' best financial interests.

233. WEBER breached the fiduciary duties he owed to The Clients by exhibiting a willful, reckless and/or grossly negligent disregard for the best financial interests of The Clients by filing false tax returns, failing to file tax returns for The Clients when required to do so, and

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

misappropriating, for his own personal benefit and with no legitimate or justifiable business purpose, funds that rightfully belonged to The Clients and which should have been directed to the appropriate taxing authorities to pay off The Clients' tax liabilities.

234. WEBER's breach of the fiduciary duties he owed to The Clients actually and proximately caused financial injury to The Clients.

235. CITRIN had actual and/or constructive knowledge and rendered substantial assistance in regard to WEBER's breach of his fiduciary duties to The Clients by:

      (a)    ignoring its own internal policies and procedures,

      (b)    violating regulations and other prudent and sound practices and procedures within the accounting industry,

      (c)    disregarding standard practices and procedures, and

      (d)    ignoring the "red flags" about WEBER's conduct as it related to the manner in which he handled Plaintiffs' tax and corporate matters

236. CITRIN allowed WEBER, one of its Partners, to improperly use client assets to further benefit himself to The Clients' detriment. Specifically, CITRIN permitted WEBER to use CITRIN software and employees other than WEBER, including Vera Fici and SOLLA, under the guise of providing The Clients proper tax and corporate representation when The Clients were actually being defrauded of their money and were being subjected to exorbitant tax liabilities.

237. CITRIN was either aware of the "red flag" warnings that arose as a result of WEBER's improper actions and ignored those warnings or failed to have in place the proper monitoring mechanisms that a properly operating accounting firm should have in place to prevent such harm to clients.

238. As a result of the foregoing failures to detect and/or halt WEBER's harmful acts and omissions, CITRIN is liable for all damages directly and proximately caused to The Clients through WEBER's acts and omissions.

239. Additionally, SOLLA had actual and/or constructive knowledge and rendered substantial assistance in regard to WEBER's breach of his fiduciary duties to The Clients by:

(a) ignoring CITRIN's own internal policies and procedures,

(b) violating regulations and other prudent and sound practices and procedures within the accounting industry,

(c) disregarding standard practices and procedures, and

(d) preparing tax filings known to be false.

240. As a result of the foregoing failures and complicit assistance in WEBER's harmful acts and omissions, SOLLA is liable for all damages directly and proximately caused to The Clients through WEBER's acts and omissions.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership, and ELDA SOLLA, an individual, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and SOLLA.

## COUNT XV – AIDING AND ABETTING CONVERSION
### [AGAINST CITRIN AND SOLLA]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

241. WEBER asserted dominion and control over The Clients' property by misappropriating for his personal use and benefit the funds wired to him by The Clients.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

242. CITRIN had actual and/or constructive knowledge of WEBER's acts in misappropriating The Clients' funds by virtue of the transactions which occurred during the accountant-client relationship among The Clients, CITRIN and WEBER.

243. CITRIN rendered substantial assistance to WEBER in converting The Clients' funds by ignoring its own internal policies and procedures, by violating regulations within the accounting industry, and by violating other prudent and sound practices and procedures within the accounting industry, as more fully identified above.

244. As a result of the foregoing, CITRIN is liable for all damages directly and proximately caused to The Clients through WEBER's acts and omissions.

245. Additionally, SOLLA had actual and/or constructive knowledge and rendered substantial assistance in regard to WEBER's conversion of The Clients' funds by:

(a) ignoring CITRIN's own internal policies and procedures,

(b) violating regulations and other prudent and sound practices and procedures within the accounting industry,

(c) disregarding standard practices and procedures, and

(d) preparing tax filings known to be false.

246. As a result of the foregoing failures and complicit assistance in WEBER's harmful acts and omissions, SOLLA is liable for all damages directly and proximately caused to The Clients through WEBER's acts and omissions.

WHEREFORE, Plaintiffs demand entry of a judgment against Defendant, CITRIN COOPERMAN & COMPANY, LLP, a New York limited liability partnership, and ELDA SOLLA, an individual, for an amount within the jurisdictional limits of this court, including an award of interest, costs, and such other relief as this Court deems just and appropriate. Plaintiffs reserve the right to seek leave of court to assess punitive damages against CITRIN and SOLLA.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

**COUNT XVI – IMPOSITION OF A CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS**
**[AGAINST LORRAINE WEBER]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 132 above, and further allege:

247. Lorraine Weber is a beneficiary of the proceeds that were wrongly misappropriated, converted, and stolen by her husband, Matthew G. Weber.

248. Any and all monies being held by Lorraine Weber must be held in trust for the benefit of The Clients, as Lorraine Weber is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds which were provided to her by her spouse, Matthew G. Weber.

249. Any and all funds provided to Lorraine Weber must be disgorged to the benefit of The Clients, as Lorraine Weber is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds which were provided to her by her spouse, Matthew G. Weber.

WHEREFORE, Plaintiffs demand imposition of a constructive trust against Defendant, LORRAINE WEBER, an individual; full disgorgement of all funds that were wrongly misappropriated, converted, and stolen by her husband, Matthew G. Weber; and an award of interest, costs, and such other relief as this Court deems just and appropriate.

**RESERVATION OF RIGHTS**

Plaintiffs reserve their right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

**PLAINTIFFS' DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted,

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684

By: ____________________
SCOTT L. SILVER
Attorney Bar Code No. SDNY S6032
New York Bar No. 2829968
E-mail: SSilver@silverlaw.com
DAVID C. SILVER
*Pro Hac Vice application forthcoming*
E-mail: DSilver@silverlaw.com
JASON S. MILLER
*Pro Hac Vice application forthcoming*
E-mail: JMiller@silverlaw.com

Dated: September 11, 2012

**From:** Matthew Weber (mweber@citrincooperman.com)
**To:** as[redacted]@[redacted]
**Date:** Tue, February 27, 2007 5:14:59 PM
**Cc:**
**Subject:** Maria's W-2

As you can see, my brilliant secretary forgot to put a house #. Please print and give to Maria. I will senf a hard copy to you via mail.

Matt

Matthew Weber
Partner, Litigation Support Department
212-697-1000 x314
mweber@citrincooperman.com

IRS 230 disclaimer: As required by new rules imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing or recommending to another party any transactions or tax-related matters addressed herein.

</ body>

**COMPOSITE EXHIBIT "A"**

a Control number

b Employer identification number (EIN) 04-3694610

**Form W-2 Wage and Tax Statement 2006** OMB No. 1545-0008 Dept. of Treas. - IRS 39-1908647

Copy B--To Be Filed With Employee's FEDERAL Tax Return.

c Employer's name, address, and ZIP code
Andrew S. Targum PC
233 Broadway Suite 740
New York, NY 10279

1 Wages, tips, other compensation .56
2 Federal income tax withheld .08
3 Social security wages .56
4 Social security tax withheld .84
5 Medicare wages and tips .56
6 Medicare tax withheld .33
7 Social security tips
8 Allocated tips
9 Advance EIC payment

d Employee's social security number -0799

10 Dependent care benefits
11 Nonqualified plans
12a Code See inst. for box 12
12b Code
12c Code
12d Code

e Employee's name, address, and ZIP code
MARIA D'ONOFRIO
STATEN ISLAND, NY

13 Statutory employee / Retirement plan / Third-party sick pay

14 Other

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | | .56 | .04 | .56 | .59 | NYC |

This information is being furnished to the Internal Revenue Service.

a Control number

b Employer identification number (EIN) 04-3694610

**Form W-2 Wage and Tax Statement 2006** OMB No. 1545-0008 Dept. of Treas. - IRS 39-1908647

Copy 2--To Be Filed With Employee's State, City, or Local Income Tax Rtn.

c Employer's name, address, and ZIP code
Andrew S. Targum PC
233 Broadway Suite 740
New York, NY 10279

1 Wages, tips, other compensation .56
2 Federal income tax withheld .08
3 Social security wages .56
4 Social security tax withheld .84
5 Medicare wages and tips .56
6 Medicare tax withheld .33
7 Social security tips
8 Allocated tips
9 Advance EIC payment

d Employee's social security number -0799

10 Dependent care benefits
11 Nonqualified plans
12a Code
12b Code
12c Code
12d Code

e Employee's name, address, and ZIP code
MARIA D'ONOFRIO
STATEN ISLAND, NY

13 Statutory employee / Retirement plan / Third-party sick pay

14 Other

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | | .56 | .04 | .56 | .59 | NYC |

6 **BW23UP** NTF 2562987 Copyright 2006 Greatland/Nelco

This info. is being furnished to IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if income is taxable and you fail to report it.

a Control number

b Employer identification number (EIN) 04-3694610

**Form W-2 Wage and Tax Statement 2006** OMB No. 1545-0008 Dept. of Treas. - IRS 39-1908647

Copy C--For EMPLOYEE'S RECORDS

c Employer's name, address, and ZIP code
Andrew S. Targum PC
233 Broadway Suite 740
New York, NY 10279

1 Wages, tips, other compensation .56
2 Federal income tax withheld .08
3 Social security wages .56
4 Social security tax withheld .84
5 Medicare wages and tips .56
6 Medicare tax withheld .33
7 Social security tips
8 Allocated tips
9 Advance EIC payment

d Employee's social security number 0799

10 Dependent care benefits
11 Nonqualified plans
12a Code See inst. for box 12
12b Code
12c Code
12d Code

e Employee's name, address, and ZIP code
MARIA D'ONOFRIO
STATEN ISLAND, NY

13 Statutory employee / Retirement plan / Third-party sick pay

14 Other

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | | .56 | .04 | .56 | .59 | NYC |

**From:** Matthew G. Weber (mweber@citrincooperman.com)
**To:** a[redacted]@[redacted];
**Date:** Tue, June 1, 2010 11:07:46 AM
**Cc:**
**Subject:** FW: Targum

I have a crazy 2 weeks so I am trying to set up all tax payments. $5,200. For TBT NYC UBT 2010. We will have to adjust 3q and 4th quarter are $ comes in.

From: Elda Solla
Sent: Tuesday, June 01, 2010 11:06 AM
To: Matthew G. Weber
Subject: Targum

---

Elda Solla

Citrin Cooperman & Company, LLP
529 Fifth Avenue, New York, NY USA 10017
P 212.697.1000 x1378 | F 212.697.1037
esolla@citrincooperman.com | www.citrincooperman.com

Helping Entrepreneurs Succeed

IRS 230 disclaimer: As required by new rules imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing or recommending to another party any transactions or tax-related matters addressed herein.

---

Matthew Weber, CPA, CFF - Partner

Valuation and Forensic Services Department

Citrin Cooperman & Company, LLP
529 Fifth Avenue, New York, NY USA 10017
P 212.697.1000 x1314 | F 212.697.1037
mweber@citrincooperman.com | www.citrincooperman.com

Helping Entrepreneurs Succeed

IRS 230 disclaimer: As required by new rules imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing or recommending to another party any transactions or tax-related matters addressed herein.

Citrin Cooperman & Company, LLP

CERTIFIED PUBLIC ACCOUNTANTS

August 21, 2007

Andrew Targum, Esq.
233 Broadway Suite # 2707
New York, NY 10279

RE: Cederbaum Tax Returns

As discussed please find enclosed Cederbaum's Tax Returns.

Matthew G. Weber CPA

529 FIFTH AVENUE, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 697-1004
e-mail: info@citrincooperman.com
www.citrincooperman.com

An International Association of Independent Accounting and Consulting Firms

**COMPOSITE EXHIBIT "B"**

**From:** Matthew Weber (mweber@citrincooperman.com)
**To:** a[redacted]@[redacted]
**Date:** Tue, October 28, 2008 6:18:25 PM
**Cc:**
**Subject:** Re: State 2005 Notice

Ok-thanks

----------------------------

Sent using BlackBerry

---

**From**: a[redacted]@[redacted]
**To**: Matthew Weber
**Sent**: Tue Oct 28 17:18:37 2008
**Subject**: State 2005 Notice

Matt, I wont be by a fax for the next few days. Here is the next best thing. It will come in 3 emails. Please advise. Andy

**From:** a[redacted]@[redacted] ([redacted])
**To:** mweber@citrincooperman.com;
**Date:** Mon, February 9, 2009 12:33:58 PM
**Cc:**
**Subject:** TBT 1099's

Matt, I need 2 1099's sent

1) To Neal Doherty, Esq. - SS# [redacted]4040, Amount on Check $[redacted].51
Address - [redacted], Floral Park, N.Y. [redacted]

2) Carmine A. Rubino, Esq. - C/O Kramer Dillof Livingston & Moore - 217 Broadway, 10th Floor, New York, N.Y. 10007 Amount $[redacted].36. Tax Id.# 13-3455761 Send it to [redacted], Rockville Center, New York [redacted] or email it to me and I will hand deliver it.

Thanks

**From:** a[redacted]@[redacted] ([redacted])
**To:** mweber@citrincooperman.com;
**Date:** Wed, June 24, 2009 2:12:46 PM
**Cc:**
**Subject:** k-1

Gerard A. Britton, Esq.
SS# [redacted]-7343
[redacted]
Middle Village, N.Y. [redacted]

John E. Tolud, P.C.
Tax Id.# 33-1016641
[redacted]
Brooklyn, N.Y. [redacted]

**From:** Matthew G. Weber (mweber@citrincooperman.com)
**To:** a[redacted]@[redacted]
**Date:** Fri, September 18, 2009 10:27:33 AM
**Cc:**
**Subject:** FW:

Andy:
Here is your form for your health insurance carrier.

If you have the time we have to make a payment for SUI and FUI (state unemployment and federal unemployment) for 2009. This is reimbursable by TBT. (maria's portion)

Maria 8500 (limit) * 5% = 425.00 (sui)
Andy 8500 *5% = 425.00 (sui)
Maria 8500*.008 = 68.00 (fui)
Andy 8500 * .008 = 68.00 (fui)

$986 to be wired.

Thanks
Matt

**From:** Elda Solla
**Sent:** Friday, September 18, 2009 10:23 AM
**To:** Matthew G. Weber
**Subject:**

*Elda I. Solla*
*Citrin Cooperman & Company LLP*
*529 5th Avenue*
*New York, New York 10017*
*(212) 697-1000 ext #378*
*esolla@citrincooperman.com*

**Matthew G. Weber, CPA, CFF** - Partner

Valuation and Forensic Services Department

***Citrin Cooperman & Company, LLP***
529 Fifth Avenue, New York, NY USA 10017
**P** 212.697.1000 x314 | **F** 212.697.1037
mweber@citrincooperman.com
www.citrincooperman.com

*Helping Entrepreneurs Succeed*

**IRS 230 disclaimer: As required by new rules imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing or recommending to another party any transactions or tax-related matters addressed herein.**

ANDREW S. TARGUM, P.C.
COUNSELOR AT LAW
233 BROADWAY • SUITE 2707
NEW YORK, NY 10279
(212) 349-2727
TELECOPIER (212) 672-0094

ANDREW S. TARGUM*

*LICENSED TO PRACTICE IN NEW YORK AND NEW JERSEY

FAX TRANSMISSION

DATE: 10/6/10

TO: Matt Weber

FAX #: (212) 697-1037

FROM: Andrew Targum

RE: Notice Received from

MESSAGE: This Needs to be Addressed and Will By the End of the Week

NUMBER OF PAGES (Including Cover Sheet) 7 pages



[Print] [Close]

From: "Matthew G. Weber" <mweber@citrincooperman.com>
To: <a[redacted]@[redacted]>
Subject: Var
Date: Tue, 5 Apr 2005 19:02:43 +0000

1. I received a call from the IRS today re: 2002. The guy was very nice, he just wanted to let me know that he received my letter and that I should call him when I am ready to send the info.

2. Your 2004 return is almost done, we won't have to go on extension.

3. Payroll taxes for Irwin are due by the end of the month. I will tell you how much.

4. Is Irwin going to be paid through your PC or through the new entity ?

5. We have to send NYS/NYC $ for you for 1st quarter 2005 $9,500. We will make a wire payment like the IRS payment. It's the best way. I will let you know what to do tomorrow. Its ok to use my Citrin Cooperman a/c. They are ok now. I will set this up for your PC for future payments. You just have to register. Saves a lot of paperwork. – wire [illegible] Citrin Cooperman

Give me a call in the morning.

Matt

$775 NYS Dept of Taxation & Finance [illegible]

**EXHIBIT "C"**

at&t Worldnet

[Print] [Close]

From: "Matthew Weber" <mweber@citrincooperman.com>
To: <a[redacted]@[redacted]>
Subject: New Instructions
Date: Tue, 19 Sep 2006 13:50:51 +0000

*Helping Entrepreneurs Succeed*

**About Us | Services | Industries | Professionals | Contact Us**

Matthew Weber
c/o Citrin Cooperman & Co.
529 Fifth Avenue
New York, NY 10017

Signature Bank
565 Fifth Avenue
New York, NY 10017

ABA 026013576
A/C # 1500629483

Estimate Fed/NYS $5,450. (based upon figures discussed)

Money market 8901 [redacted] or 2246.

Location
Citrin Cooperman & Company, LLP
Matthew G. Weber
Partner, Litigation Support
Department
529 Fifth Avenue
New York, NY USA 10017
Phone: 212-697-1000 x314
www.citrincooperman.com

IRS 230 disclaimer: As required by new rules imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code; or (ii) promoting, marketing or recommending to another party any transactions or tax-related matters addressed herein.

**EXHIBIT "D"**

| Wire Transfers to CITRIN | | | | | |
|---|---|---|---|---|---|
| DATE | FROM BANK | Originator | Receiving Bank | Beneficiary | AMOUNT |
| 2005-3-31 | Bank of NY | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $35,000.00 |
| 2005-4-6 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $9,500.00 |
| 2005-4-18 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $15,000.00 |
| 2005-5-20 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $50,000.00 |
| 2005-9-16 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $30,000.00 |
| 2005-12-2 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $40,000.00 |
| 2006-1-4 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,394.00 |
| 2006-3-8 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $30,000.00 |
| 2006-6-26 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $3,500.00 |
| 2006-9-21 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,450.00 |
| 2006-10-5 | Hudson Valley Bank | Andrew S. Targum PC | Sterling National Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,250.00 |
| 2006-10-6 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,250.00 |
| 2007-2-5 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $27,000.00 |
| 2007-12-17 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,400.00 |
| 2007-12-17 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $28,000.00 |
| 2008-4-10 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,500.00 |
| 2008-4-24 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $60,000.00 |
| 2008-5-30 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,000.00 |
| 2008-6-4 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $9,500.00 |
| 2008-6-18 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,721.00 |
| 2008-7-16 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,000.00 |
| 2008-7-30 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $3,500.00 |
| 2008-8-12 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $18,500.00 |
| 2009-1-21 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,000.00 |
| 2009-3-19 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,564.00 |
| 2009-3-25 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $24,000.00 |
| 2009-4-29 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,982.25 |
| 2009-5-20 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,539.22 |
| 2009-5-28 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $20,000.00 |
| 2009-6-22 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,500.00 |

**EXHIBIT "E"**

| Wire Transfers to CITRIN | | | | | |
|---|---|---|---|---|---|
| DATE | FROM BANK | Originator | Receiving Bank | Beneficiary | AMOUNT |
| 2009-7-21 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $21,000.00 |
| 2009-8-19 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,038.00 |
| 2009-9-18 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $986.00 |
| 2009-9-25 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $7,500.00 |
| 2009-10-1 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $10,500.00 |
| 2009-10-13 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $3,968.00 |
| 2009-10-19 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $4,000.00 |
| 2009-10-23 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $18,500.00 |
| 2009-10-30 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,530.00 |
| 2009-11-3 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,400.00 |
| 2009-12-11 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,400.00 |
| 2009-12-14 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $22,500.00 |
| 2010-1-11 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $8,500.00 |
| 2010-1-26 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $17,000.00 |
| 2010-3-1 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,517.00 |
| 2010-3-1 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,200.00 |
| 2010-3-25 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,600.00 |
| 2010-4-14 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,200.00 |
| 2010-4-16 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,800.00 |
| 2010-6-1 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,200.00 |
| 2010-6-10 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $80,000.00 |
| 2010-8-4 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,500.00 |
| 2010-8-4 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,000.00 |
| 2010-9-7 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $14,000.00 |
| 2010-9-7 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $29,000.00 |
| 2010-9-27 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,433.00 |
| 2010-10-4 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,000.00 |
| 2010-11-16 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,200.00 |
| 2010-11-16 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,157.90 |
| 2010-11-30 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,500.00 |
| 2010-11-30 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,900.00 |
| 2011-2-17 | Hudson Valley Bank | Andrew Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,800.00 |

| Wire Transfers to CITRIN | | | | | |
|---|---|---|---|---|---|
| DATE | FROM BANK | Originator | Receiving Bank | Beneficiary | AMOUNT |
| 2011-2-17 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,200.00 |
| 2011-3-4 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,148.00 |
| 2011-3-4 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,955.56 |
| 2011-3-14 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $881.00 |
| 2011-4-14 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $3,778.00 |
| 2011-5-4 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $15,750.00 |
| 2011-5-31 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $10,080.00 |
| 2011-6-2 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,262.82 |
| 2011-6-6 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $5,485.00 |
| 2011-7-27 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,100.00 |
| 2011-7-27 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,482.78 |
| 2011-8-12 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $9,750.00 |
| 2011-8-12 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,917.72 |
| 2011-9-8 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $2,900.00 |
| 2011-9-8 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,172.57 |
| 2011-9-27 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $18,880.00 |
| 2011-9-27 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,244.58 |
| 2011-10-25 | Hudson Valley Bank | Andrew S. Targum PC | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $6,120.00 |
| 2011-10-25 | Hudson Valley Bank | Targum Britton & Tolud LLP | Signature Bank | MATTHEW G. WEBER C/O CITRIN COOPERMAN | $1,698.90 |
| | | | | Total: | $875,687.30 |

Citrin Cooperman & Company, LLP

CERTIFIED PUBLIC ACCOUNTANTS

June 21, 2009

Internal Revenue Service
110 West 44th Street
New York, NY 10036-6710

Re: Andrew S. Targum PC
04-3694610 941 12/31/07

Attn: Agent Dolores Nicoletti

Dear Ms. Nicoletti:

We are in receipt of the final notice dated June 18, 2009 with respect to tax liability for the above captioned period.

It is our position that payments made for payroll tax liability may have been applied to the incorrect period and therefore your department has determined that there is tax due for the 4th quarter 2007.

We have completed form 12153 (Request for a Collection Due Process or Equivalent Hearing) as we would like to review a transcript of our account to reconcile the payments made with the appropriate quarters.

We respectfully request a transcript of our account from 1/1/07-06/30/08 and that a hold be placed upon this account until we have the opportunity to review the data.

Thank you in advance for your cooperation.

Very truly yours,

Matthew G. Weber CPA CFF

Cc: Andrew Targum
w/o enclosures

529 FIFTH AVENUE, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 697-1004
e-mail: info@citrincooperman.com
www.citrincooperman.com

An International Association of Independent Accounting and Consulting Firms

**COMPOSITE EXHIBIT "F"**

Citrin Cooperman & Company, LLP

CERTIFIED PUBLIC ACCOUNTANTS

November 2, 2010

Department of the Treasury
Internal Revenue Service
110 West 44th Street
New York, NY 10036

Attn: Revenue Agent Huffman – Group 25

Re: Andrew S. Targum PC
04-3694610

Dear Ms. Huffman:

This letter shall serve to memorialize the telephone conversation that we had this afternoon.

As you are aware, during our previous telephone conversation on October 21, 2010, we scheduled an appointment to meet on Wednesday, November 3rd to review the transcripts, payments and correspondence of the above captioned professional corporation.

At the conclusion of the October 21st phone call, I requested copies of all transcripts from 2003-present. I made this request in order to compare said activity to the payments and other data that we have in our possession. I was to perform a reconciliation/analysis which I was going to send to you in advance of our meeting.

As discussed today, I did not receive said transcripts and therefore it was agreed that our meeting tomorrow would be briefly postponed. I spoke to your Manager Mr. William Jones as well and it was agreed that you would furnish me with the transcripts for my analysis. Upon receipt of said transcripts, I will contact you to set up another meeting.

Thank you in advance for your cooperation.

Very truly yours,

Matthew G. Weber CPA CFF

Cc: Andrew S. Targum Esq.
William Jones – Internal Revenue Service

529 FIFTH AVENUE, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 697-1004
e-mail: info@citrincooperman.com
www.citrincooperman.com

An International Association of Independent Accounting and Consulting Firms

A Member of
Premier
International Associates



CITRINCOOPERMAN

Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

Via Federal Express

January 20, 2011

Internal Revenue Service
68 Sewall Street Room 416
Augusta, ME 04330

Attn: Debi Daniel

RE: Andrew Targum [redacted]3626
Form 1040 (2007-2008)

Dear Ms. Daniel:

As requested, please find duplicate original joint individual income tax returns for the above captioned taxpayer for 2007 & 2008.

Please process and contact me with any additional questions you may have.

Thank you for your prompt attention.

Very truly yours,

Matthew G. Weber CPA CFF

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004 CITRINCOOPERMAN.COM

AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS



CITRINCOOPERMAN
Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

Via Federal Express

January 21, 2011

Internal Revenue Service
68 Sewall Street Room 416
Augusta, ME 04330

Attn: Debi Daniel

RE: Andrew Targum [redacted]3626
Form 1040 (2009)

Dear Ms. Daniel:

As requested, please find duplicate original joint individual income tax returns for the above captioned taxpayer for 2009. The 2007 & 2008 returns were forwarded yesterday.

Please process and contact me with any additional questions you may have.

Thank you for your prompt attention.

Very truly yours,

Matthew G. Weber CPA CFF

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004
AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS

CITRINCOOPERMAN.COM



CITRINCOOPERMAN
Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

March 1, 2011

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0058

Re: Andrew S. Targum PC
04-3694610
941 4th Quarter 2010

Dear Sir/Madam:

Attached please find a copy of the overpayment notice that my client received regarding 941 taxes for the fourth quarter of 2010.

Be advised that upon review of said notice, the payment in the amount of $984 which was credited on October 8, 2010 was in fact for the 3rd quarter of 2010. Please apply this payment to the proper quarter. The effect of this adjustment will eliminate any overpayment for the fourth quarter and any potential underpayment for the third quarter 2010.

Thank you in advance for your cooperation.

Very truly yours,

Matthew G. Weber CPA CFF

Cc: Andrew S. Targum Esq.

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004 CITRINCOOPERMAN.COM
AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS



CITRINCOOPERMAN
Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

May 16, 2011

Michael Trenga
RMS Associates
c/o Workers Compensation Board
Bureau of Compliance
100 Broadway
Albany, NY 12241-0005

Re: Andrew S Targum PC
WCB 2609170
FMIS 1665619

Dear Mr. Trenga:

Enclosed please find forms 941 and NYS 45 for the periods in question which correspond to the assessment imposed by the Workers Compensation Board. Be advised that we disagree with the assessment based upon the payroll data furnished to your department.

Due to a shareholder situation, Andrew S Targum PC ceased operations in 2010 with no payroll.

Andrew Scott Targum PC (a new professional corporation) was formed and compensation insurance was obtained in February 2011. (See attached certificate)

Any payroll in the future will be under the Andrew Scott Targum PC entity.

Please abate this penalty based upon the instant case information. If you require any additional information, feel free to contact me at my office.

Sincerely,

Matthew G. Weber CPA CFF

Cc: Andrew Targum (w/o attachments)

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004
CITRINCOOPERMAN.COM

AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS

Citrin Cooperman & Company, LLP
CERTIFIED PUBLIC ACCOUNTANTS

June 21, 2009

Internal Revenue Service
110 West 44th Street
New York, NY 10036-6710

Re: Andrew S. Targum PC
04-3694610 941 12/31/07

Attn: Agent Dolores Nicoletti

Dear Ms. Nicoletti:

We are in receipt of the final notice dated June 18, 2009 with respect to tax liability for the above captioned period.

It is our position that payments made for payroll tax liability may have been applied to the incorrect period and therefore your department has determined that there is tax due for the 4th quarter 2007.

We have completed form 12153 (Request for a Collection Due Process or Equivalent Hearing) as we would like to review a transcript of our account to reconcile the payments made with the appropriate quarters.

We respectfully request a transcript of our account from 1/1/07-06/30/08 and that a hold be placed upon this account until we have the opportunity to review the data.

Thank you in advance for your cooperation.

Very truly yours,

Matthew G. Weber CPA CFF

Cc: Andrew Targum
w/o enclosures

529 FIFTH AVENUE, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 697-1004
e-mail: info@citrincooperman.com
www.citrincooperman.com

**EXHIBIT "G"**

An International Association of Independent Accounting and Consulting Firms

**From:** Matthew G. Weber (mweber@citrincooperman.com)
**To:** a[redacted]@[redacted];
**Date:** Wed, December 15, 2010 5:54:52 PM
**Cc:**
**Subject:** Re: ASTPC and other things

Andy:
Other than the last couple of weeks, I have not put your concerns on the back burner. I will certainly give these items priority in the next couple of weeks.
I understand your frustration with some of these items (especially the IRS) I should get the data I requested and will meet with them at that time Asap.

Its been a crazy couple of weeks with a few projects and I appreciate your patience.

Matt

CITRINCOOPERMAN

**MATTHEW G. WEBER**, CPA, CFF
Partner, Valuation & Forensic Services
**TEL** 212.697.1000 x1314 | **FAX** 212.369.1037
529 FIFTH AVENUE, NEW YORK, NY 10017
mweber@citrincooperman.com | CITRINCOOPERMAN.COM

**CONNECTICUT | NEW JERSEY | NEW YORK | PENNSYLVANIA**

AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS

CONFIDENTIALITY This e-mail and any attachments are confidential and may also be privileged. If you are not the named recipient, please notify the sender immediately and do not disclose the contents to another person, use it for any purpose, or store or copy the information in any medium.

IRS 230 Disclaimer: As required by the new rules imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (I) avoiding penalties under the internal revenue code; or (II) promotions, marketing or recommending to another party any transactions or tax-related matters addressed herein.

---

**From:** a[redacted]@[redacted] <[redacted]>
**To:** Matthew G. Weber
**Sent:** Wed Dec 15 17:42:51 2010
**Subject:** ASTPC and other things

Matt, I can't help but feel that things are getting lost in the shuffle. You have a lot on your plate, and my accounting needs seem to be put over. I expressed that I wanted my accounting needs done before I leave on vacation, yet I have not received any word from anyone. I decided to enumerate the items we need to work on because otherwise they are done piecemeal or forgotten about:

1) The IRS liens - why is it taking so long. The government gets 9% interest plus penalties and we get nothing. We need this resolved ASAP as it has caused detriment to my business, reputation and credit;
2) Maria's State refund - You said you would take care of it next week;
3) New companies for Gerry and I along with new EIN #'s;
4) Year end;
5) Repayement of investment in Pa.;
6) New account set up for payment Maria's payroll taxes;

I don't like to pester you on these things and if they are too much let me know . Andy

**EXHIBIT "H"**

**From:** a[redacted]@[redacted] (a[redacted])
**To:** mweber@citrincooperman.com;
**Date:** Tue, February 21, 2012 11:55:27 AM
**Cc:**
**Subject:** IRS Letters

Matt, I'm hoping your having great weather in Aruba and good family time. Can you have your office email me your letters to IRS re: 2008 and 2010 W-2 and spred sheets for 2007-2009 tax returns w letter.
Thanks, Andy

**EXHIBIT "I"**



CITRINCOOPERMAN
Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

February 28, 2012

Andrew S. Targum, P.C.
233 Broadway, Suite 740
New York, NY 10279-0001

Re: Work performed for you by Matthew G. Weber

Dear Sir or Madam:

It has just come to our attention that Matthew G. Weber, who was formerly affiliated with our firm, has been independently providing you with services concerning your taxes, tax payments, or possibly other matters, in violation of our partnership agreement, and without you having ever been a client of this firm and without the knowledge or authorization of our firm.

Mr. Weber has advised us of information from which it appears that he may have failed to file certain of your tax returns and may have failed to make related payments to taxing authorities. We thought it appropriate to advise you of this situation at the first opportunity. We would suggest that you immediately consult with an independent accountant and/or attorney.

Sincerely yours,

Joel A. Cooperman, CPA

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004
AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS
CITRINCOOPERMAN.COM

**EXHIBIT "J"**



COOPERMAN
Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

February 28, 2012

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Re: Work performed for you by Matthew G. Weber

Dear Sir or Madam:

It has just come to our attention that Matthew G. Weber, who was formerly affiliated with our firm, has been independently providing you with services concerning your taxes, tax payments, or possibly other matters, in violation of our partnership agreement, and without you having ever been a client of this firm and without the knowledge or authorization of our firm.

Mr. Weber has advised us of information from which it appears that he may have failed to file certain of your tax returns and may have failed to make related payments to taxing authorities. We thought it appropriate to advise you of this situation at the first opportunity. We would suggest that you immediately consult with an independent accountant and/or attorney.

Sincerely yours,

Joel A. Cooperman, CPA

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004
AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS

**EXHIBIT "K"**



CITRINCOOPERMAN
Attest & Assurance | Tax Compliance & Research | Specialty & Consulting

March 9, 2012

Irwin Seeman
[REDACTED]
Wheatley Heights, NY [REDACTED]

Dear Mr. Seeman:

As of today's date, you have an outstanding balance due to our firm of $2,500.00 for services rendered at your request and which remain unpaid despite our repeated requests for payment.

If we do not receive a response from you within 10 days of the date of this letter, we will have to refer your account to our collections attorney, Mr. Lawrence Fechner who will be authorized to pursue the outstanding balance as vigorously as the law allows.

Please guide yourself accordingly.

Sincerely,

David Kells
Chief Operating Officer

cc: Lawrence Fechner, Esq.

CITRIN COOPERMAN & COMPANY, LLP
529 FIFTH AVENUE NEW YORK, NY 10017 | TEL 212.697.1000 | FAX 212.697.1004 CITRINCOOPERMAN.COM
AN INDEPENDENT FIRM ASSOCIATED WITH MOORE STEPHENS

**EXHIBIT "L"**



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* 3/9/2012
*Client No.* MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/9/2012** | | | |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | 1,237.50 | 452.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 1,167.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 2,142.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 2,500.00 |
| | | | | **Current Balance** $ | 2,500.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 2,500.00 | $ 2,500.00 |



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

We are pleased to inform you that you may use your American Express, Visa or MasterCard for payment of your account.

If you would like to use your credit card to pay us, please complete the form below:

AMERICAN EXPRESS ☐ MASTERCARD ☐ VISA ☐

Account # ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

EXPIRATION DATE: ____________________

| | | |
|---|---|---|
| CLIENT NAME: | | |
| CLIENT # ____________<br>INVOICE # ____________ | | PAYMENT<br>$ ____________ |
| Name: | | |
| Address: | | |
| City: | State: | Zip Code: |
| Signature | | Date: |

**Please fax this form to Diedre McDonald**
**Citrin Cooperman**
**(212) 687-1182**

529 FIFTH AVENUE, NEW YORK, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 661-2593
530 MORRIS AVENUE, SPRINGFIELD, NJ 07081 • (973) 218-0500 • FAX (973) 218-0511
709 WESTCHESTER AVENUE, SUITE 200, WHITE PLAINS, NY 10604 • (914) 949-2990 • FAX (914) 949-2910
1800 JFK BOULEVARD, 20TH FLOOR, PHILADELPHIA, PA. 19103 • (215) 545-4800 • FAX (215) 545-4810
37 NORTH AVENUE, NORWALK, CT. 06851
email: info@citrincooperman.com
www.citrincooperman.com



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

Irwin Seeman
Wheatley Heights, NY

Statement Date 3/9/2012
Client No. MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/9/2012** | | | |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | 1,237.50 | 452.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 1,167.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 2,142.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 2,500.00 |
| | | | | **Current Balance** $ | 2,500.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 2,500.00 | $ 2,500.00 |

**COMPOSITE EXHIBIT "M"**



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

We are pleased to inform you that you may use your American Express, Visa or MasterCard for payment of your account.

If you would like to use your credit card to pay us, please complete the form below:

AMERICAN EXPRESS ☐ MASTERCARD ☐ VISA ☐

Account # ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

EXPIRATION DATE: ____________________

| CLIENT NAME: | | |
|---|---|---|
| CLIENT # ______________<br>INVOICE # ______________ | | PAYMENT<br>$ ______________ |
| Name: | | |
| Address: | | |
| City: | State: | Zip Code: |
| Signature | | Date: |

**Please fax this form to Diedre McDonald**
**Citrin Cooperman**
**(212) 687-1182**

529 FIFTH AVENUE, NEW YORK, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 661-2593
530 MORRIS AVENUE, SPRINGFIELD, NJ 07081 • (973) 218-0500 • FAX (973) 218-0511
709 WESTCHESTER AVENUE, SUITE 200, WHITE PLAINS, NY 10604 • (914) 949-2990 • FAX (914) 949-2910
1800 JFK BOULEVARD, 20TH FLOOR, PHILADELPHIA, PA. 19103 • (215) 545-4800 • FAX (215) 545-4810
37 NORTH AVENUE, NORWALK, CT. 06851
email: info@citrincooperman.com
www.citrincooperman.com



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*

*Wheatley Heights, NY*

*Statement Date* *3/1/2012*
*Client No.* *MW1069.0*

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 1/26/2012** | | | |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | -1,237.50 | 452.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 1,167.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 2,142.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 2,500.00 |
| | | | | **Current Balance** $ | 2,500.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 2,500.00 | $ 2,500.00 |



Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *2/1/2012*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 12/19/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | **Current Activity Through 2/1/2012** | | | |
| 159741 | 12/28/2011 | Credit Memo | | 1,262.50 | 3,737.50 |
| 161239 | 12/28/2011 | Credit Memo | | 1,237.50 | 2,500.00 |
| | | | | **Current Balance** $ | 2,500.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 2,600.00 | $ 2,500.00 |



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
[redacted]
*Wheatley Heights, NY* [redacted]

*Statement Date* *12/5/2011*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 10/22/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |



Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
[redacted]
*Wheatley Heights, NY* [redacted]

*Statement Date* *11/8/2011*
*Client No.* *MW1069.0*

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 10/9/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

Irwin –
Please call me –
Matt

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

CONNECTICUT
37 North Avenue
Norwalk, CT 06851
203-847-4068

NEW JERSEY
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

NEW YORK
529 Fifth Avenue
New York, NY 10017
212-697-1000

PHILADELPHIA
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

WESTCHESTER
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *10/3/2011*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 8/20/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |



Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*

*Wheatley Heights, NY*

*Statement Date* *8/9/2011*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 6/24/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |



Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*

*Wheatley Heights, NY*

*Statement Date* *6/9/2011*
*Client No.* *MW1069.0*

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 4/10/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | **$** | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

CONNECTICUT
37 North Avenue
Norwalk, CT 06851
203-847-4068

NEW JERSEY
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

NEW YORK
529 Fifth Avenue
New York, NY 10017
212-697-1000

PHILADELPHIA
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

WESTCHESTER
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *5/2/2011*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/19/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

CONNECTICUT
37 North Avenue
Norwalk, CT 06851
203-847-4068

NEW JERSEY
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

NEW YORK
529 Fifth Avenue
New York, NY 10017
212-697-1000

PHILADELPHIA
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

WESTCHESTER
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *4/4/2011*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/4/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

**CONNECTICUT**
37 North Avenue
Norwalk, CT 06851
203-847-4068

**NEW JERSEY**
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

**NEW YORK**
529 Fifth Avenue
New York, NY 10017
212-697-1000

**PHILADELPHIA**
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

**WESTCHESTER**
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *3/2/2011*
*Client No.* *MW1069.0*

| ***Invoice*** | ***Date*** | ***Description*** | ***Charge*** | ***Credit*** | ***Balance*** |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 2/1/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

CONNECTICUT
37 North Avenue
Norwalk, CT 06851
203-847-4068

NEW JERSEY
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

NEW YORK
529 Fifth Avenue
New York, NY 10017
212-697-1000

PHILADELPHIA
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

WESTCHESTER
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *2/4/2011*
*Client No.* *MW1069.0*

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 1/5/2011** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

**CONNECTICUT**
37 North Avenue
Norwalk, CT 06851
203-847-4068

**NEW JERSEY**
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

**NEW YORK**
529 Fifth Avenue
New York, NY 10017
212-697-1000

**PHILADELPHIA**
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

**WESTCHESTER**
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



CITRINCOOPERMAN

Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *12/3/2010*
*Client No.* *MW1069.0*

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 10/20/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

CONNECTICUT
37 North Avenue
Norwalk, CT 06851
203-847-4068

NEW JERSEY
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

NEW YORK
529 Fifth Avenue
New York, NY 10017
212-697-1000

PHILADELPHIA
1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

WESTCHESTER
709 Westchester Avenue
White Plains, NY 10604
914-949-2990



Please remit payment to:
529 Fifth Avenue
New York, NY 10017
P. 212.697.1000

*Irwin Seeman*

*Wheatley Heights, NY*

*Statement Date* *11/5/2010*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 10/6/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |

**Current Balance** $ 5,000.00

Irwin -
I need you to call me.
Thanks,
Matt

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

37 North Avenue
Norwalk, CT 06851
203-847-4068

530 Morris Avenue
Springfield, NJ 07081
973-218-0500

529 Fifth Avenue
New York, NY 10017
212-697-1000

1800 JFK Boulevard, 20th FL
Philadelphia, PA 19103
215-545-4800

709 Westchester Avenue
White Plains, NY 10604
914-949-2990

# *Citrin Cooperman & Company, LLP*

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*
[redacted]
*Wheatley Heights, NY* [redacted]

*Statement Date* *10/6/2010*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 9/5/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

**Payment remit payment directly to the New York City address which appears above.**
**Thank you.**

CONNECTICUT
107 John Street
Southport, CT 06890
203-254-3000

NEW JERSEY
530 Morris Avenue
Springfield, NJ 07081
973-218-0500

NEW YORK
529 Fifth Avenue
New York, NY 10017
212-697-1000

PHILADELPHIA
1800 JFK Boulevard, 20th Floor
Philadelphia, PA 19103
215-545-4800

WESTCHESTER
709 Westchester Avenue
White Plains, NY 10604
914-949-2990

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 9/3/2010
Client No. MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 8/2/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# *Citrin Cooperman & Company, LLP*

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *8/6/2010*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 7/5/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 7/9/2010
Client No. MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 5/26/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 6/14/2010
Client No. MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 5/15/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

Irwin –
Contact me regarding this bill.
Matty

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# *Citrin Cooperman & Company, LLP*

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *5/3/2010*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 4/2/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | | **Current Balance** $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# *Citrin Cooperman & Company, LLP*

***529 Fifth Avenue***
***New York, NY 10017***
***(212) 697-1000***

*Irwin Seeman*
[redacted]
*Wheatley Heights, NY* [redacted]

*Statement Date* *4/2/2010*
*Client No.* *MW1069.0*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/3/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |

**Current Balance** $ 5,000.00

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 3/5/2010
Client No. MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 1/19/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | **Current Activity Through 3/5/2010** | | | |
| 159741 | 1/22/2010 | Credit Memo | | 2,962.50 | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 2/2/2010
Client No. MW1069.0

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 2/2/2010** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | 2,962.50 | 1,262.50 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 2,952.50 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 3,667.50 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 4,642.50 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 5,000.00 |
| | | | **Current Balance** | $ | 5,000.00 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5,000.00 | $ 5,000.00 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 12/2/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 12/2/2009 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |

Current Balance $ 7,962.50

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

12/1/09

[illegible] 9 [illegible] V.C

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 11/6/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 11/6/2009 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | Current Balance | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 10/1/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 10/1/2009** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*

*Wheatley Heights, NY* 

*Statement Date* 9/1/2009
*Client No.* MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 9/1/2009** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | **Current Balance** | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman

Wheatley Heights, NY 

Statement Date 8/4/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 8/4/2009** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
Wheatley Heights, NY

Statement Date 7/1/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 7/1/2009** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | **Current Balance** | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000 x 314.

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 5/19/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 5/19/2009 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | Current Balance $ | 7,962.50 |

Irwin
Please call me.
Matt

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 4/3/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 4/3/2009 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | Current Balance $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
Wheatley Heights, NY

Statement Date 3/9/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/9/2009** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
Wheatley Heights, NY 

Statement Date 2/6/2009
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 2/6/2009 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | Current Balance $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

# *Citrin Cooperman & Company, LLP*

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*
[redacted]
*Wheatley Heights, NY* [redacted]

*Statement Date* *1/14/2009*
*Client No.* *MW1069.0*

## *MONTHLY STATEMENT*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 1/14/2009** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
Wheatley Heights, NY 

Statement Date 12/2/2008
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 12/2/2008** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# *Citrin Cooperman & Company, LLP*

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*
*Wheatley Heights, NY* 

*Statement Date* *11/7/2008*
*Client No.* *MW1069.0*

## *MONTHLY STATEMENT*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 11/7/2008** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

*Irwin Seeman*
*Wheatley Heights, NY*

*Statement Date* *10/1/2008*
*Client No.* *MW1069.0*

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 10/1/2008** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | **Current Balance** | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 9/1/2008
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 9/1/2008 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | Current Balance | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 8/1/2008
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 8/1/2008 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | Current Balance | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 5/16/2008
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 5/16/2008 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | Current Balance | $ | 7,962.50 |

Irwin -

Please call me.

Matt.

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights, NY [redacted]

Statement Date 5/1/2008
Client No. MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 5/1/2008 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | Current Balance $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 7,962.50 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

# Citrin Cooperman & Company, LLP

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*

*Wheatley Heights, NY*

*Statement Date* *3/1/2008*
*Client No.* *MW1069.0*

## *MONTHLY STATEMENT*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 3/1/2008** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | **Current Balance** $ | 7,962.50 |

| 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 357.50 | 7,605.00 | $ 7,962.50 |

***Please remit payment directly to the New York City address which appears above. Thank you.***

# Citrin Cooperman & Company, LLP

*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*

*Wheatley Heights, NY*

*Statement Date* 2/1/2008
*Client No.* MW1069.0

## MONTHLY STATEMENT

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | **Opening Balance As Of 2/1/2008** | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | **Current Balance** | $ | 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 357.50 | 975.00 | 6,630.00 | $ 7,962.50 |

*Please remit payment directly to the New York City address which appears above. Thank you.*

*Citrin Cooperman & Company, LLP*
*529 Fifth Avenue*
*New York, NY 10017*
*(212) 697-1000*

*Irwin Seeman*
[redacted]
*Wheatley Heights , NY* [redacted]

*Statement Date* *12/1/2007*
*Client No.* *MW1069.0*

## *MONTHLY STATEMENT*

| *Invoice* | *Date* | *Description* | *Charge* | *Credit* | *Balance* |
|---|---|---|---|---|---|
| | | Opening Balance As Of 12/1/2007 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| 167217 | 11/8/2007 | Prior Invoice | 357.50 | | 7,962.50 |
| | | | | Current Balance | $ 7,962.50 |

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 357.50 | 975.00 | 715.00 | 1,690.00 | 4,225.00 | $ 7,962.50 |

*We would appreciate your prompt remittance. Thank you.*

CITRIN COOPERMAN & COMPANY, LLP
Certified Public Accountants

529 Fifth Avenue
New York, N.Y. 10017
TEL. (212) 697-1000
Fax. (212) 697-1004

*Irwin Seeman*
*Wheatley Heights , NY*

*Invoice No.* *167217*
*Date* *11/8/2007*
*Client No.* *MW1069.0*

---

| SERVICE | STAFF | HOURS | RATE | EXT. AMT. | AMOUNT |
|---|---|---|---|---|---|
| **Current Professional Services:** | | | | | |
| **Litigation Support** | | | | | |
| 10/24/2007 | Weber<br>Meeting with client. | 1.10 | $325.00 | 357.50 | |
| | | | | | $ 357.50 |
| | | | | Total This Invoice | 357.50 |
| **Prior Balance as of 10/15/2007** | | | | | 7,605.00 |
| | | | | Balance Due | $ 7,962.50 |

Citrin Cooperman & Company, LLP

CERTIFIED PUBLIC ACCOUNTANTS

November 6, 2007

Irwin Seeman
[REDACTED]
Wheatley Heights, NY [REDACTED]

Dear Mr. Seeman.:

As of today, your account has an outstanding balance of $7,605.00 for services rendered at your request and with the full expectation and understanding of being paid promptly. This balance has been outstanding for several months and has not been paid despite repeated collection calls and written correspondence.

We expect prompt payment and hope that you will do so to avoid collection proceedings.

Sincerely,

Joel A. Cooperman
Managing Partner

529 FIFTH AVENUE, NEW YORK, NY 10017 • (212) 697-1000 • FAX (212) 697-1004
e-mail: info@citrincooperman.com
www.citrincooperman.com

An International Association of Independent Accounting and Consulting Firms



**Citrin Cooperman & Company, LLP**
529 Fifth Avenue
New York, NY 10017
(212) 697-1000

Irwin Seeman
[redacted]
Wheatley Heights , NY [redacted]

Statement Date 11/1/2007
Client No. MW1069.0

**MONTHLY STATEMENT**

| Invoice | Date | Description | Charge | Credit | Balance |
|---|---|---|---|---|---|
| | | Opening Balance As Of 11/1/2007 | | | |
| 159741 | 7/17/2007 | Prior Invoice | 4,225.00 | | 4,225.00 |
| 161239 | 8/9/2007 | Prior Invoice | 1,690.00 | | 5,915.00 |
| 162935 | 9/17/2007 | Prior Invoice | 715.00 | | 6,630.00 |
| 165063 | 10/15/2007 | Prior Invoice | 975.00 | | 7,605.00 |
| | | | Current Balance | $ | 7,605.00 |

Please pay these overdue invoices

| 0 - 30 | 31- 60 | 61 - 90 | 91 - 120 | Over 120 | Balance |
|---|---|---|---|---|---|
| 975.00 | 715.00 | 1,690.00 | 4,225.00 | 0.00 | $ 7,605.00 |

We would appreciate your prompt remittance. Thank you.

PART 1 JUN 27 2012

GRAND JURY 1A

Filed: NA

No. 3020-2012

THE PEOPLE OF THE STATE OF NEW YORK

-against-

MATTHEW WEBER,

Defendant.

INDICTMENT

GRAND LARCENY IN THE SECOND DEGREE, Penal Law §155.40(1) (3 counts)
PERSONAL INCOME AND EARNINGS TAXES; REPEATED FAILURE TO FILE, Tax Law §1808(a) (1 count)

CYRUS R. VANCE, JR., District Attorney

A True Bill

Foreman

ADA Seth D. Blumenthal
Money Laundering and
Tax Crimes Unit

EXHIBIT "N"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

MATTHEW WEBER,

Defendant.

INDICTMENT

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the defendant, MATTHEW WEBER, of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendant, Matthew Weber, in the County of New York and elsewhere, from on or about March 31, 2005 through on or about October 25, 2011, stole property from Andrew Targum, and the value of the property exceeded fifty thousand dollars.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, accuses the defendant of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendant, Matthew Weber, in the County of New York and elsewhere, from on or about March 2, 2008 through on or about March 14, 2011, stole property from Jordan Bardach, and the value of the property exceeded fifty thousand dollars.

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, accuses the defendant of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendant, Matthew Weber, in the County of New York and elsewhere, from on or about September 14, 2009 through on or about March 11, 2011, stole property from a receivership in the names of Werner and Faith Lippe, and the value of the property exceeded fifty thousand dollars.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, accuses the defendant of the crime of **PERSONAL INCOME AND EARNINGS TAXES; REPEATED FAILURE TO FILE**, in violation of Tax Law §1808(a), committed as follows:

The defendant, Matthew Weber, in the County of New York and elsewhere, from on or about April 15, 2009 through on or about April 15, 2011, with intent to evade payment of a tax imposed under article twenty-two of the Tax Law, failed to file a return for three consecutive taxable years, to wit, the defendant's 2008, 2009, and 2010 New York personal income tax returns, and the defendant had an unpaid tax liability with respect to each of the three consecutive taxable years.

CYRUS R. VANCE, JR.
District Attorney
New York County



www.silverlaw.com

11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
Fax: (954) 755-4684

August 2, 2012

VIA UNITED PARCEL SERVICE - OVERNIGHT DELIVERY
Joel A. Cooperman, CPA
CITRIN COOPERMAN & COMPANY, LLP
529 Fifth Avenue
New York, NY 10017

Re: Andrew Targum; Erika Targum; Andrew S. Targum, P.C.; Andrew Scott Targum, P.C.; Targum, Britton & Tolud, LLP; and Irwin Seeman

Dear Mr. Cooperman:

My law firm has been retained to represent Andrew Targum; Erika Targum; Andrew S. Targum, P.C.; Andrew Scott Targum, P.C.; and Targum, Britton & Tolud, LLP (collectively "Targum"), as well as Irwin Seeman ("Seeman"), with regard to the damages caused to them by Citrin Cooperman & Company, LLP ("Citrin"). You were put on notice earlier this year by Michael Raskin (my clients' former counsel) that as a result of the work performed for Targum and Seeman by Matthew G. Weber ("Weber"), a former partner at Citrin, both Targum and Seeman have suffered severe economic harm. Based on our conversations with other counsel, we have been advised that Citrin has already performed a preliminary investigation into the harm caused to Targum and Seeman, and we appreciate Citrin's initiative in investigating what went wrong so the necessary steps can be taken to repair the damage that has been caused. By now, you are aware that Weber was indicted by a grand jury in the County of New York and was arraigned on Tuesday, July 10, 2012, in large part based on the harm he caused to my clients. One of the overarching goals of this letter is to work collaboratively with Citrin to find the proper civil remedy to this terribly unfortunate circumstance.

## BACKGROUND

Commencing in at least 2003, Weber prepared and filed all of Targum and Seeman's city, state, and federal income taxes. Unbeknownst to Targum and Seeman, Weber was grossly under-reporting Targum and Seeman's taxable income -- sometimes by as much as 90% -- and providing Targum and Seeman false documentation to mislead and outright defraud them. As a result of Weber's fraud, Targum and Seeman are now facing in excess of $2,000,000 in fees and penalties being assessed by the Internal Revenue Service, the New York State Department of Taxation and Finance, and the New York State Workers' Compensation Board, as well as incurring mounting legal fees as they deal with the turmoil this has caused them.

**EXHIBIT "O"**

Joel A. Cooperman, CPA
CITRIN COOPERMAN & COMPANY, LLP
August 2, 2012
Page 2 of 7

In early 2005, several months after Weber had joined Citrin, Weber retained Targum's law firm, Targum, Britton & Tolud, LLP's ("TBTLLP"), to represent Weber in a civil lawsuit styled Cederbaum v. Financial Appraisal Services, Ltd. and Matthew Weber, Nassau County [NY] Supreme Court - Index No. 04758/2005, in which Weber was sued for accounting malpractice. As long-time friends and business associates, Weber and Targum saw no need to enter into a formal written retainer agreement in the Cederbaum case. Additionally, rather than pay Targum attorneys' fees for the professional services Targum's firm was rendering to Weber in the Cederbaum matter, Weber proposed that they trade their firms' professional services with one another: Weber, as a Partner at Citrin, would provide Targum Citrin's professional accounting services in exchange for TBTLLP's legal services -- all without them charging one another for the work being done. Weber and Targum never entered into a formal written retainer agreement. However, consistent with their intent, all parties provided professional services to the other utilizing their firms' resources.

TBTLLP represented Weber; and there was no reason in Targum's mind to question Weber's authority as a representative Partner at Citrin to offer Citrin's services in return. Weber utilized Citrin software and employees to provide Targum with a full array of accounting services. Targum routinely dealt with Citrin staff members other than Weber, including Vera Fici and Elda Solla, regarding Targum's tax and corporate matters. Over the years, Targum and Weber had meetings at Citrin's Manhattan office, and Weber introduced Targum to other Partners at Citrin as a client of the firm. Weber regularly, if not solely, communicated with Targum using Citrin letterhead, Citrin's e-mail account, and instructed Targum to wire funds to bank accounts that had every hallmark of being normal Citrin bank accounts. From Targum's perspective, everything appeared to be within the normal course of business; and Targum had no idea at that time that Weber was, and had been, submitting under-reported tax returns for Targum and/or converting his funds.

As mentioned above, numerous wire transfers were made at Weber's request to bank accounts bearing Citrin's name and address. On April 5, 2005, shortly after Weber had arrived as a Partner at Citrin, Weber sent Targum an e-mail (again, using his Citrin e-mail account) instructing Targum to wire funds needed to pay New York State and New York City taxes thusly:

> ***We have to send NYS/NYC $ for you for 1st quarter 2005 $9,500. We will make a wire payment like the IRS payment.*** *It's the best way. I will let you know what to do tomorrow.* ***Its [sic.] ok to use my Citrin Cooperman a/c. They are ok now. I will set this up for your PC for future payments.*** *You just have to register. Saves a lot of paperwork.*

*See*, Targum 000001 (emphasis added). In fact, the dozens of wire transfers that Targum made at Weber's behest virtually all have the same key common characteristics:

BNF Name: Matt G. Weber c/o Citrin Cooperman
BNF Address: 529 Fifth Avenue
New York, NY 10017

SILVER
LAW GROUP
www.silverlaw.com 11780 W. Sample Road Coral Springs, FL 33065 Tel: (954) 755-4799 Fax: (954) 755-4684

While Weber initially instructed Targum to wire funds to an account bearing Citrin's name at Sterling National Bank (622 Third Avenue, New York, NY 10017), a September 19, 2006 e-mail to Targum from Weber on the Citrin e-mail server bearing Weber's Citrin signature block and business card instructed Targum that he was to henceforth wire funds to an account under Citrin's name at Signature Bank, 565 Fifth Avenue, New York, NY 10017 (just a few doors down from your Manhattan office at 529 Fifth Avenue). *See*, Targum 000023. Just as with all other appearances Weber gave, Targum was justifiably confident that he was transacting business with Citrin, as one of its clients, in the normal course of business.

In December 2010, Targum was concerned that Weber was not devoting enough time and attention to Targum's accounting needs. On December 15, 2010, Targum sent an e-mail to Weber (at Weber's Citrin e-mail address) expressing his concerns about their professional relationship. Approximately ten minutes later, Weber responded (from his Citrin e-mail address), apologized for the "*crazy couple of weeks*" Weber had been enduring with a few other professional projects, and assured Targum that Targum's accounting needs would be met in a timely manner. A copy of that e-mail exchange is enclosed herewith. *See*, Targum 000115.

The e-mail exchanges referenced above are but a few of hundreds if not thousands of documents clearly evidencing that Weber's communications and representations to Targum were made in Weber's capacity as an agent and Partner at Citrin. Enclosed herewith is an extensive compendium of documents showing that Weber was conducting his activities using Citrin name, Citrin's letterhead, Citrin's e-mail server, his Citrin e-mail account, Citrin's bank accounts, and Citrin's personnel. At the risk of belaboring the point, the following, along with those already specifically referenced, are some of the most illuminating documents in the enclosed compilation:

- Andrew and Erika Targum's 2005 IRS Form 1040, showing that it was prepared by "Citrin Cooperman & Company, LLP" [Targum 000013].

- February 27, 2007 e-mail from Weber to Targum, showing that Weber and his Citrin secretary prepared Targum's W-2 form [Targum 000030 - Targum 000031]. Not only does this demonstrate knowledge and participation by other Citrin representatives, we presume that Citrin has the ability to electronically monitor and track the use of its computer systems in preparing client documents such as W-2 forms. Unauthorized or irregular use of such a system should have set off a warning bell that Citrin either ignored or overlooked.

- February 9, 2009 e-mail from Targum to Weber, requesting preparation of Form 1099 tax filings [Targum 000077]. When Weber responded to this request by preparing the 1099s, he did so using Citrin's system without any red flag being raised.

- June 24, 2009 e-mail from Targum to Weber, requesting preparation of Form K-1 tax filings [Targum 000079]. *<Same as above>*

- June 1, 2010 e-mail exchange between Weber, Targum, and Elda Solla, again evidencing knowledge and complicity of other Citrin employees. [Targum 000113]

As all of the enclosed documents demonstrate, Weber's actions came with Citrin's apparent blessing and knowledge. To the extent Citrin was unaware of Weber's actions, there is no way my clients could have or should have known that. They wholly believed Weber was providing them his professional services as an agent of Citrin -- a representation Weber clearly made not only to my clients but also to several governmental authorities in connection with the services he was performing. On a routine and regular basis, Weber interacted with government agencies on Citrin letterhead referring to Targum. For example:

- June 21, 2009 letter from Citrin, on Citrin letterhead, to the Internal Revenue Service, discussing tax notice sent regarding Targum. Undoubtedly, this letter demonstrates the accounting firm-client relationship between Citrin and Targum. [Targum 000078]

- November 2, 2010 letter from Citrin, on Citrin letterhead, to the Internal Revenue Service, discussing meeting and telephone calls conducted on Targum's behalf. [Targum 000114]

- January 20, 2011 letter from Citrin, on Citrin letterhead, to the Internal Revenue Service, enclosing 2007 and 2008 joint income tax returns for Targum and requesting all future communications relating to those filings be directed to Weber at Citrin. [Targum 000156]

- January 21, 2011 letter from Citrin, on Citrin letterhead, to the Internal Revenue Service, enclosing 2009 joint income tax return for Targum and requesting all future communications relating to that filing be directed to Weber at Citrin. [Targum 000157]

- March 1, 2011 letter from Citrin, on Citrin letterhead, to the Internal Revenue Service, discussing overpayment notice and referring to Targum as "my client." [Targum 000158]

- May 16, 2011 letter from Citrin, on Citrin letterhead, to the New York State Workers Compensation Board - Bureau of Compliance, enclosing forms prepared on Targum's behalf and requesting abatement of monetary penalty assessed to Targum. [Targum 000159]

- December 19, 2011 letter from Citrin, on Citrin letterhead, to the New York State Department of Taxation and Finance, enclosing forms prepared for Targum and requesting abatement of enforcement action against Targum. [Targum 000160]

In fact, despite the protestations you made when Targum and Seeman addressed this problem to you earlier this year, even your firm has concretely conceded that the professional accounting services provided to Targum and Seeman were rendered on Citrin's behalf and that Targum and Seeman were/are clients of your firm. We know that because barely a week after you sent Seeman your February 28, 2012 letter denying that he has "*ever been a client of [Citrin]*" and



Joel A. Cooperman, CPA
CITRIN COOPERMAN & COMPANY, LLP
August 2, 2012
Page 5 of 7

denying that the "*services concerning [his] taxes, tax payments, or possibly other matters*" were rendered to him by Weber as a Citrin client, David Kells (Citrin's Chief Operating Officer) sent Seeman a letter threatening to refer him to Citrin's collections attorney and demanding payment of "*an outstanding balance due to [Citrin] of $2,500.00 for services rendered at [Seeman's] request.*" [Seeman 000001 - 000002, enclosed herewith]. Not only did Mr. Kells' March 9, 2012 letter to Seeman specifically reference "*your account*," we have included in the documents enclosed herewith almost two dozen invoices from Citrin that reflect Seeman's "Client No." and demands for payment to Citrin for services rendered on his behalf. [Seeman 000004 - 000047]. The evidence speaks for itself, and it is clearly saying that your February 28, 2012 denials were made in error.

At all relevant times, Weber was a Partner at Citrin, and Citrin had a duty and the ability to supervise and control Weber. Citrin knew or should have known that Weber, one of its Partners, was actively defrauding Targum, Seeman, and the tax authorities out of nearly $2 million, using Citrin to either launder or convert that money. Citrin knew or should have realized, at some point during the lengthy scheme perpetrated against Targum, Seeman, the tax authorities, and others, that Weber was using accounting firm resources, using accounting firm tax preparation software, using accounting firm personnel, and spending accounting firm time to commit such a massive fraud. Moreover, Citrin should have had in place a reasonable system providing protections and stop-gap measures to make sure that its accountants, including its Partners, were never in a position to perpetrate a fraud upon either a client or the tax authorities to whom client income tax statements were submitted and prepared using Citrin's licensed software. For example, irregularities in Citrin's tax preparation software system either informed, or should have informed, Citrin that Weber was engaging in improper acts and enacting a scheme to defraud that ultimately caused my clients the harm they have suffered and continue to suffer. Whether Citrin uses ProSystem, Lacerte, Caseware, GoFile Room, Peachtree and/or QuickBooks; we know that Targum and Seeman had documents prepared for them on Citrin computers utilizing Citrin employees who worked with Weber because we have documents in our possession showing that others at Citrin prepared and reviewed Targum and Seeman's documents, including tax returns, K-1s, and other corporate filings.

Notwithstanding all of those warning signs, Citrin ignored the red flags waving in front of it and allowed Weber to continue down his destructive path. Citrin had an obligation to investigate and monitor Weber's activities; and, had it conducted even a reasonably diligent investigation, or indeed any monitoring of its Partners' activities, Citrin would have discovered that Weber was, in fact, engaging in a scheme to defraud Targum, Seeman, and the governmental taxing authorities to whom Targum's false tax filings were submitted by Weber.

## DOCUMENT REQUEST

The most prudent way to proceed is for my clients and Citrin to work collaboratively toward a resolution that satisfies them as well as the governmental authorities who have already demonstrated their concern over the scheme perpetrated by Weber. To that end, we demand that within ten (10) days of the date of this letter, Citrin provide us with a complete copy of all documents and information, including paper and electronic data, in Citrin's possession, custody, or control that relates to the professional services provided to my clients by Weber/Citrin.

SILVER
LAW GROUP
www.silverlaw.com 11780 W. Sample Road Coral Springs, FL 33065 Tel: (954) 755-4799 Fax: (954) 755-4684

This letter constitutes my clients' request that you immediately take all steps necessary to identify, retain, and preserve all paper and electronically stored information in your possession or control that may be relevant to the claims and defenses in this matter (hereinafter "data") and that you avoid spoliation of all such relevant data. Data includes not only information that can be perceived and read by your computer systems and programs installed thereon, but also all data resident on relevant electronic media that cannot be perceived by your systems but that can be recovered and analyzed using computer forensic techniques. Data that cannot be perceived by your computer systems may include deleted, hidden, and orphaned data as well as artifacts and residual data created in the normal course of using a computer system.

It is essential that you act quickly to protect this data because the continued operation of your relevant computer systems will overwrite data resident on the hard drive, including discoverable data that is invisible to the operating system.

This letter is also notice and demand that all relevant data be safeguarded from destruction from any cause whatsoever, including destruction caused by any of your policies related to retention of paper and electronic data, including but not limited to backup, restoration, deletion, destruction, and tape recycling. Destruction of relevant data pursuant to a corporate document retention policy might be spoliation.

Finally, this letter is notice and demand that you not pack, compress, convert or otherwise modify any relevant data in a manner that would cause the subsequent collection, production and/or review of such data in the course of discovery to become more burdensome than it might have been prior to such modification. Likewise, you should not dispose of, modify, or alter any devices or programs currently within your possession or control necessary for the retrieval, recovery, operation and/or display of any relevant data.

I expect that relevant data will be resident on the computers or computer systems used to create, modify, access, store, archive and/or delete any information related to my clients' claims. Although I have not yet had an opportunity to identify with specificity the exact computers containing relevant data, I anticipate being able to do so in the near future.

## PROPOSAL FOR RESOLUTION

In light of the foregoing, the time is now for Citrin to step forward and work with us to redress the harms that have been caused and provide relief to my clients so they and Citrin do what can be done to put this ugly and unfortunate circumstance behind them. To fully compensate my clients, we demand the following:

- Citrin will review and, to Targum and Seeman's satisfaction, prepare amended filings replacing all of the state, local, and federal tax filings prepared by Weber for Targum and Seeman. Citrin will work with Targum and Seeman, and with all tax related entities, to negotiate acceptable settlements of all of Targum and Seeman's outstanding tax related liabilities.



- Citrin will pay, or cause to be paid, to all of the above related taxing authorities, all sums due by Targum (anticipated to be approximately $2,000,000.00) and Seeman (anticipated to be approximately $50,000.00) to compensate them for the losses they have suffered. By working with Targum and Seeman and advocating on their behalf, Citrin is incentivized to settle the tax liabilities at a lower cost and therefore save itself direct damages in a civil lawsuit.

- Citrin will pay my firm for the professional services we have had to render our clients in this matter. Citrin will also compensate my clients for their out-of-pocket expenses related to other professionals who were retained by Targum and Seeman to defend themselves against the harms brought upon them by Weber/Citrin.

Unless you and I engage in conversations in which we discuss alternative options, this offer will remain open in its current form for **thirty (30) days** from the date of this letter. Though I rarely do this, I think it would be productive for me to reveal to you certain terms of the compensation agreement to which my clients and my firm have agreed on this matter. If we can resolve the outstanding issues between Citrin and my clients within thirty (30) days from today, my firm will only be paid ten percent (10%) of the monetary restitution paid to my clients. In effect, I am willing to lower my fee by the swiftness and effectiveness of Citrin's advocacy on behalf of my clients. If we cannot resolve my clients' claims within thirty days and litigation is needed, my firm's fee increases. If for no reason other than to save itself a large amount of quickly escalating legal fees, it is in Citrin's best interest to work with us in resolving this matter quickly.

I look forward to your prompt response and trust that we can bring this matter to a swift conclusion.

Very Truly Yours,

David C. Silver, Esq.

Enclosures

cc: Mr. Nathaniel S. Gore, Esq.
Zukerman Gore Brandeis & Crossman, LLP, 11 Times Square, New York, NY 10036



ZUKERMAN GORE BRANDEIS
& CROSSMAN, LLP
John K. Crossman
Frank C. Welzer
Eleven Times Square
New York, New York 10036
(212) 223-6700
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CITRIN COOPERMAN & COMPANY, LLP, Plaintiff, - against - ANDREW TARGUM, ERIKA TARGUM, ANDREW S. TARGUM, P.C., ANDREW SCOTT TARGUM, P.C., and TARGUM, BRITTON & TOLUD, LLP, Defendants. | Index No. 653051/2012 **COMPLAINT** |

Plaintiff, Citrin Cooperman & Company, LLP ("Citrin Cooperman"), by its attorneys, Zukerman Gore Brandeis & Crossman, LLP, for its complaint against Andrew Targum, Erika Targum, Andrew S. Targum, P.C., Andrew Scott Targum, P.C., and Targum Britton & Tolud, LLP (collectively, "Defendants"), for aiding and abetting breach of fiduciary duty and tortious interference with contract, alleges as follows:

1. The Defendants conspired to obtain reduced-cost or no-cost accounting services from one Matthew G. Weber ("Weber"), aiding, abetting and encouraging Weber to perform work "on the side," in violation of Weber's contractual and fiduciary duties to the accounting firm in which he was then a partner – the plaintiff here, Citrin

**EXHIBIT "P"**

Cooperman. The Defendants and Weber conspired to divert Weber's services illegally and without Citrin Cooperman's knowledge or approval, intending for Weber to breach his fiduciary and contractual duties to Citrin Cooperman (the "Conspiracy").

2. On information and belief, Andrew Targum and Weber were long-time associates whose personal relationship and dealings predate by many years Weber's employment with Citrin Cooperman. Andrew Targum is an attorney. He, together with his wife and the defendant entities he controls, joined the Conspiracy, and thus caused Weber to be diverted from his legitimate work for Citrin Cooperman, and to divert corporate opportunities from Citrin Cooperman to Weber, personally. Accordingly, the Defendants' conduct constitutes a conspiracy to commit the torts of aiding and abetting breach of a fiduciary duty, and tortious interference with contractual relations.

<u>The Parties</u>

3. Citrin Cooperman & Company, LLP, is a New York-registered limited liability partnership, with its principal office located at 529 Fifth Avenue, New York, New York, 10017.

4. Andrew Targum is an individual who, upon information and belief, resides at 205 West End Avenue, Apt. 5H, New York, New York 10023.

5. Erika Targum is an individual who, upon information and belief, resides at 205 West End Avenue, Apt. 5H, New York, New York 10023.

6. Andrew S. Targum, P.C., is, upon information and belief, a professional corporation of the state of New York, which purports to have offices located at 233 Broadway, Suite 2707, New York, New York 10279.

7. Andrew Scott Targum, P.C., is, upon information and belief, a professional corporation of the state of New York, which purports to have offices located at 233 Broadway, Suite 2707, New York, New York 10279.

8. Targum Britton & Tolud, LLP, is, upon information and belief, a limited liability company of the state of New York, which purports to have offices located at 233 Broadway, Suite 2707, New York, New York 10279.

Jurisdiction and Venue

9. Jurisdiction is proper as the parties reside in New York, and the acts complained of caused injury in New York.

10. Venue is proper pursuant to New York Civil Practice Law and Rules section 503(a).

Allegations Common to All Claims

11. Weber is a certified public accountant.

12. On or about August 1, 2004, Weber was admitted as a partner in Citrin Cooperman.

13. At all times relevant to this counterclaim, Weber was a practicing accountant and partner of Citrin Cooperman.

14. As a partner of Citrin Cooperman, Weber owed Citrin Cooperman the highest obligation of good faith, fair dealing, loyalty, due care and diligence.

15. While Weber was a partner of Citrin Cooperman, and without Citrin Cooperman's knowledge or consent, upon information and belief, Weber held himself out to the Defendants as being available to perform accounting work for them "on the side," wherein Weber would perform work for the Defendants, and Weber would accept

monies and services from the Defendants, without having the Defendants engage Citrin Cooperman, without reporting his work for or his receipt of monies or services from the Defendants to Citrin Cooperman, and without giving Citrin Cooperman the benefit of these monies or services.

16. The Defendants knew that they were paying Weber "off the books" for work that Weber was performing for them "on the side." The Defendants knew that Citrin Cooperman received no compensation, nor any other benefit, from them or their engagement of Weber. The Defendants knew Weber was prohibited from performing work "on the side" due to his fiduciary and contractual duties to Citrin Cooperman.

17. The Defendants deliberately failed to enter into a written agreement with Citrin Cooperman.

18. The Defendants did not have any agreement with Citrin Cooperman.

19. The Defendants did not interact with any accountants or partners of Citrin Cooperman, except for their private, unauthorized dealings with Weber.

20. The Defendants did not request or receive bills or invoices from Citrin Cooperman.

21. The Defendants did not pay Citrin Cooperman for any accounting work performed by Weber.

22. The Defendants never paid any money to Citrin Cooperman.

23. Upon information and belief, the Defendants, among other things, entered a barter agreement with Weber, without Citrin Cooperman's knowledge or approval, whereby Weber accepted personal legal services from the Defendants in connection with

a private legal dispute of Weber's, in full or partial payment for accounting services Weber provided to the Defendants.

24.    In return for Weber's work, time and attention, the Defendants paid Weber personally.

25.    The Defendants sent monies to Weber's personal bank accounts.

26.    In return for payments that he received personally from the Defendants, Weber dedicated time that he should have spent working for and on behalf of his employer, Citrin Cooperman, attending to matters for the Defendants.  In so doing, Weber breached his fiduciary, contractual and other duties to Citrin Cooperman, and the Defendants knew that Weber was breaching said duties.

27.    Upon information and belief, this continuing pattern of related misconduct proceeded without interruption from 2004 through 2011.

28.    The circumstances under which the Defendants requested and obtained services from Weber demonstrate that the Defendants knew, and that any reasonable person would have known, that Weber was breaching his duties to Citrin Cooperman, and that the Defendants were providing substantial assistance to Weber in that breach.  These circumstances include, but are not limited to, that the Defendants: paid Weber directly for his services; failed to have any contract with Citrin Cooperman; had no written communications with any other accountant or partner at Citrin Cooperman; received no bills or invoices from Citrin Cooperman; and agreed to a personal barter transaction with Weber.

29. As a result of their engagement of Weber, the Defendants deprived Citrin Cooperman of the value of the time that Weber could have spent working on Citrin Cooperman-approved matters, for Citrin Cooperman.

**COUNT ONE**
(Aiding and Abetting Breach of Fiduciary Duty)

30. Citrin Cooperman realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

31. Weber, as a trusted partner and accountant of Citrin Cooperman, owed a fiduciary duty to Citrin Cooperman that, among other things, prohibited him from performing accounting services for anyone other than Citrin Cooperman clients.

32. The Defendants wrongfully conspired with Weber to obtain his accounting services "on the side," without Citrin Cooperman's knowledge or consent, without retaining Citrin Cooperman or compensating Citrin Cooperman for Weber's services.

33. The Defendants thus wrongfully conspired to effect, and participated in, a course of conduct that aided and abetted, and facilitated and encouraged, numerous breaches of fiduciary duties committed by Weber as alleged herein, in connection with Weber's being paid personally for work he performed for the Defendants, while a partner of Citrin Cooperman.

34. The Defendants actively participated in this misconduct and aided and abetted, encouraged and ratified such misconduct for their own personal benefit.

35. The Defendants' misconduct proximately caused injury to Citrin Cooperman, and Citrin Cooperman has sustained damages as a result.

36. By reason of the foregoing, the Defendants are jointly and severally liable to Citrin Cooperman for aiding and abetting Weber's breach of his fiduciary duty to Citrin Cooperman in an amount to be proven at trial, plus interest and costs as allowable by law.

**COUNT TWO**
(Tortious Interference With Contract)

37. Citrin Cooperman realleges and incorporates the allegations contained in the preceding paragraphs as it fully set forth herein.

38. Weber had a valid and binding partnership agreement with Citrin Cooperman.

39. On information and belief, the Defendants knew Weber was a partner of Citrin Cooperman, and knew of Weber's partnership agreement with Citrin Cooperman.

40. The Defendants consist of attorneys or are associated with attorneys, and, at all relevant times, knew of the common law fiduciary duty and duty of loyalty a partner owes to a partnership.

41. The Defendants wrongfully conspired and participated in a course of conduct that intentionally interfered with Weber's partnership agreement with Citrin Cooperman.

42. As a result of the Defendants' acts, Citrin Cooperman suffered injury, including damage to Citrin Cooperman's hard-earned business reputation, and the loss of the services of its partner Weber during the time that he was working for, and being paid personally by, the Defendants.

43. By reason of the foregoing, the Defendants are jointly and severally liable to Citrin Cooperman for their tortious interference with contract in an amount to be proven at trial, plus interest and costs as allowable by law.

**WHEREFORE**, Citrin Cooperman respectfully requests that this Court enter judgment in its favor and against the Defendants, jointly and severally, as follows:

(a) On Count One, awarding damages against all Defendants, jointly and severally, in an amount to be determined at trial;

(b) On Count Two, awarding damages against all Defendants, jointly and severally, in an amount to be determined at trial;

(c) Awarding Citrin Cooperman its costs and expenses, reasonable attorney's fees, and interest incurred as may be allowed by law;

(d) Declaring that the Defendants were not clients of Citrin Cooperman; and

(e) Such other and further relief as this Court finds just and proper.

Dated: New York, New York
August 30, 2012

ZUKERMAN GORE BRANDEIS
& CROSSMAN, LLP

By: ______________________
John K. Crossman
Frank C. Welzer
Eleven Times Square
New York, New York 10036
Telephone: (212) 223-6700
*Attorneys for Plaintiff*