UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANDREW TARGUM et al.,

        Plaintiffs,

        -v-                                                      No.  12 Civ. 6909 (LTS)(SN)

CITRIN COOPERMAN & CO., L.L.P.,

        Defendants.

-------------------------------------------------------x

### ORDER

        Defendants Citrin Cooperman & Company, L.L.P. ("Citrin Cooperman") Matthew G. Weber and Lorraine Weber (collectively, "Defendants") have moved pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for an order dismissing the Amended Complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.  In their opposition to Defendants' motions, Plaintiffs contend that their pleading is sufficient, but request permission to amend should the Court find their pleading insufficient in any respect.  (See Pl. Mem. in Opp. to Defs. Mot. to Dismiss at 13, fn 21.)

        None of Defendants' motions to dismiss includes a certification pursuant to Paragraph A.2.b. of the Individual Practices Rules of the undersigned.  That Rule provides:

**b.**    **Informal efforts to resolve issues required.**

    **(i)**    **Pre-motion communications.**

        **(A)** In civil cases, prior to making a motion of any type, and prior to requesting a conference on any discovery issues, the parties must use their best efforts to resolve informally the matters in controversy.  Such efforts must include, but need not be limited to, an exchange of letters outlining their respective legal and

> factual positions on the matters and at least one telephonic or in-person discussion of the matters.
>
> **(B)** If a motion pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) is contemplated, the plaintiff or counterclaimant must indicate whether it wishes to amend the subject pleading prior to motion practice, and the parties must consider in good faith a stipulation permitting such amendment.
>
> **(ii)**   **Certification in notice of motion.**  If a motion or a discovery conference request remains necessary, the notice of motion or written discovery conference request must include a separate paragraph certifying in clear terms that the movant or requesting party has used its best efforts to resolve informally the matters raised in its submission.  If the motion is one pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c), the certification must also state whether the challenged pleading has been amended in response to the arguments raised in the motion.

The Court finds that such prior communication is often useful in facilitating settlement, consensual resolution of the subject matter of the motion or, at a minimum, narrowing of issues presented for decision by the Court.

In light of the liberal pleading amendment standard, see Fed. R. Civ. P. 15, the interests of judicial economy, and the Defendants' failure to comply with the undersigned's Individual Practices Rules by providing the necessary certifications, Plaintiffs' request for permission to amend its Amended Complaint once more, in light of the arguments raised in Defendants' motions, is granted.  Plaintiffs may file a final second amended complaint, providing a courtesy copy for Chambers, by **Monday, June 24, 2013.**

Defendants' motions to dismiss and for sanctions (docket entry numbers 30, 35, 37, 39, 43 and 58) are hereby terminated for purposes of the Court's docket, without prejudice to renewal as against Plaintiffs' second amended complaint or, if no timely second amended complaint is filed, Defendants' motions to dismiss and for sanctions may be reinstated and adjudicated as to the current Amended Complaint.  No further opportunity to amend will be provided to the extent Defendants' motions to dismiss are granted.

In filing a response to Plaintiffs' second amended complaint or in requesting that the Court reinstate their motions to dismiss and for sanctions if Plaintiffs do not file a second amended complaint, Defendants must state that they have complied with the Court's Individual Practices Rules as outlined in Paragraph A.2.b.

Defendant Citrin Cooperman also moves, pursuant to Federal Rule of Civil Procedure 26(c), for an order staying all discovery pending the Court's resolution of Citrin Cooperman's motion to dismiss.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The Court finds that pursuant to Federal Rule of Procedure 26(c), Citrin Cooperman has shown that there is "good cause" for staying discovery until Plaintiffs have finalized their complaint and dismissal motion practice against that complaint has been briefed.  In re Currency Conversion Fee Antitrust Litigation, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002).  Therefore, Citrin Cooperman's motion for a stay is granted.

Discovery is hereby stayed pending completion of the briefing of Defendants' motions to dismiss Plaintiffs' second amended complaint.  If Plaintiffs file a second amended complaint and Defendants decide not to file motions to dismiss and instead file Answers, the discovery stay will be lifted upon the filing of Defendants' Answers.  If Plaintiffs fail to file a timely second amended complaint, the stay will terminate on **June 25, 2013**.

This Order terminates docket entry numbers 30, 35, 37, 39, 43, and 58 and it

resolves docket entry number 63.

       SO ORDERED.

Dated: New York, New York
       May 20, 2013

                                      /S
                            LAURA TAYLOR SWAIN
                            United States District Judge