UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ANDREW TARGUM, ERIKA TARGUM,
ANDREW S. TARGUM, P.C., ANDREW
SCOTT TARGUM, P.C., TARGUM
BRITTON & TOLUD, LLP, and IRWIN
SEEMAN,

     Plaintiffs,

- against -

CITRIN COOPERMAN & COMPANY,
LLP, MATTHEW G. WEBER,
LORRAINE WEBER, VINCENT
CAMILERI, as representative of the estate
of SALVATORE CAMILERI, SHEILA
WEBER, and JOHN DOE NO. 1,

     Defendants.

------------------------------------------------------------ X

**MEMORANDUM OPINION
AND ORDER**

12 Civ. 6909 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    This Court issued an Opinion and Order on November 19, 2013 (the "November 19 Order") granting Citrin's Motion to Dismiss and denying Citrin's Motion for Rule 11 Sanctions ("Third Sanctions Motion").[1] On November 20, 2013, Citrin submitted a letter requesting limited reconsideration of the November

---

[1] *See Targum v. Citrin*, No. 12 Civ. 6909, Dkt. No. 125 (S.D.N.Y. Nov. 19, 2013). Familiarity with the facts and procedural history of the case is presumed.

1

19 Order.[2] Specifically, Citrin asks the Court to reconsider its decision to deny sanctions.[3] Citrin notes that it complied with Rule 11's safe harbor provision by serving its Third Sanctions Motion on Plaintiffs' counsel on August 1, 2013, twenty-one days before filing.[4] However, the Court found no certificate of service on ECF and Cirtin failed to mention its August 1 service in its moving papers. Citrin admits that "it certainly would have been better to inform the Court that [it] had complied with Rule 11's safe harbor provision."[5] Citrin failed to do so because Mr. Crossman was on vacation and another attorney on the case was away due to a family emergency.[6] Citrin asks the Court to impose sanctions given that Citrin did, in fact, comply with the safe harbor provision.

## II.   DISCUSSION

### A.   Legal Standard

The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict. "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked –

---

[2]   *See* 11/20/13 Letter of John K. Crossman to the Court at 1.

[3]   *See id.*

[4]   *See id.*

[5]   *Id.* at 2.

[6]   *See id.*

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[7] Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[8] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[9]

### B.   Rule 11 Sanctions

Sanctions may be — but need not be — imposed when court filings are used for an "improper purpose," or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous.[10] Even where a district court finds a violation of Rule 11, "[t]he decision whether to impose a sanction for

---

[7]   *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[8]   *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

[9]   *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

[10]   Fed. R. Civ. P. 11(b)-(c). *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003) (noting that a particular legal argument forms the basis for sanctions only if it is "patently contrary to existing law").

a Rule 11(b) violation is . . . committed to the district court's discretion."[11] Therefore, "sanctions under Rule 11 are discretionary, not mandatory."[12]

While Plaintiffs' federal claims were dismissed with prejudice, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state claims, noting that they "may have merit."[13] Therefore, it cannot be said that it was "patently clear that [Plaintiffs' claims] have absolutely no chance of success under the existing precedents. . . ."[14]

## III. CONCLUSION

For the foregoing reasons, Citrin's motion for reconsideration of the November 19 Order is denied. The Clerk of Court is directed to close this motion (Dkt. No. 126).

---

[11] *Ipcon Collections, LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (citing *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)).

[12] *Id.*

[13] November 19 Order at 29.

[14] *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal citations omitted). *Accord Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) ("The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable.").

4

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         November 25, 2013

## - Appearances -

**For Plaintiffs:**

Scott L. Silver, Esq.
David C. Silver, Esq.
Jason S. Miller, Esq.
11780 W. Sample Road
Coral Springs, FL 33065
(954) 755-4799

Russell M. Yankwitt, Esq.
Craig M. Cepler, Esq.
Yankwitt, LLP
140 Grand St., Suite 501
White Plains, NY 10601
(914) 686-1500

**For Defendant Citrin:**

John K. Crossman, Esq.
Frank C. Welzer, Esq.
Scott J. Watnik, Esq.
Zukerman, Gore, Brandeis &
Crossman, LLP
Eleven Times Square
New York, NY 10036
(212) 223-6700